(37 App. Div. 124.)

### KING v. MOTT.

(Supreme Court, Appellate Division, Fourth Department.    January 18, 1899.)

FRAUDULENT REPRESENTATIONS—DAMAGES.
> The damages which a purchaser of land can recover for fraudulent representations of the vendor as to the number of acres in the tract is the difference between what it was worth and what it would have been worth had it been as represented.
> McLennan, J., dissenting.

Appeal from trial term, Ontario county.

Action by Marshall W. King against Philander Mott.    From a judgment for plaintiff for $319.19, and from an order denying a motion for a new trial made on the minutes, defendant appeals.    Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

Walter H. Knapp, for appellant.
Gilbert & Estey, for respondent.

HARDIN, P. J.    This action was commenced on the 31st day of June, 1897.    In the plaintiff's complaint it is alleged that on the 19th of January, 1892, in the town of Phelps, he purchased of the defendant his farm, situated in that town, for the agreed price of $3,000; "that the defendant at the time of said purchase, and as an inducement thereto, stated and represented to plaintiff that said farm contained forty-four acres of land, whereas, in truth and in fact, said farm contained only forty acres of land."    The complaint alleges that the defendant, when he made the statement and representation as to the quantity of said land, "well knew that said farm contained only forty acres of land, and made said statement and representation to plaintiff with the intent to deceive and defraud this plaintiff; that the plaintiff, at the time said statement and representation was made, believed the same to be true, and, not knowing to the contrary, but relying on same, made the said purchase, and took his conveyance thereof from defendant, and paid therefor the said sum of three thousand dollars."    Sufficient evidence was given upon the trial to warrant the jury in finding that the alleged false representations were made, and that, when they were made by defendant, he knew the same to be false.    Upon an actual survey of the farm, it was found to contain 40.54 acres of land, or a shortage of 3.46 acres.    Plaintiff gave evidence tending to show the value of the land if as represented, and also evidence tending to show the

value of the land as it actually was in quantity, and claimed upon the trial to recover the difference.

In the course of the charge delivered by the learned trial judge, he said to the jury:

"If you find that he did represent that there were 44 acres, when he knew there were but 40 acres and a fraction, the plaintiff is entitled to such sum as will compensate him for the damages he has sustained. The damages he sustained would be just what he paid for this deficiency of 3.46 acres. He paid for just so much more land than he got, at the price which, computing the land at 44 acres, and the price $3,000, it makes per acre. Dividing the $3,000 by 44, you have the price of $68.18, and multiplying that by 3.46 amounts to $235.90. If the plaintiff is entitled to recover, he is entitled to interest upon that sum, amounting to $72.69, making in all $318.59. If you find the plaintiff is entitled to recover, that will be the amount for which you will give him a verdict."

Thereupon the counsel for the defendant excepted to the charge that, if the plaintiff was entitled to recover, he was entitled to recover the sum of $235.90 and interest; and the counsel for the defendant asked the court to charge:

"That the true rule of damages would be the difference between the value of the farm if it contained 44 acres and the value of the farm if it contained 40.54 acres."

The request was refused, and an exception was taken.

In Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301, it is laid down that a person who is induced by fraudulent representations to purchase property has three remedies. One of them is to retain what he has received, "and bring an action at law to recover the damages sustained, the measure of which is the difference between the value of the article sold and what it should be if as represented." In Krumm v. Beach, 96 N. Y. 398, the rule of damages was under discussion; and Finch, J., said at page 407:

"Where fraud is established, full and complete indemnity is awarded. That full indemnity may go beyond the consideration paid. The purchaser of land, as of other property, has a right to make a good bargan, if he can, provided only that he deals honestly. Often the profit secured above the price paid is the sole motive for the purchase, and, where there is an exchange of lands to some extent, one dealing fairly may sell his own at a high price and secure another's at a low one. To the entire benefit of his bargain he is entitled. If there had been no fraud, he would have had it. He should not lose it because the other party has been dishonest. The measure of damages, therefore, should be that adopted by the court below,—the difference in value between the property conveyed and that which would have been conveyed had the property been as represented, and the actual contract honestly fulfilled."

A similar doctrine is alluded to in Wessels v. Carr, 15 App. Div. 360, 44 N. Y. Supp. 114.

We think the exceptions to which we have already referred present error requiring us to grant a new trial.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, except McLENNAN, J., dissenting, and WARD, J., not voting.