### ETTLINGER v. WEIL et al.

(Supreme Court, Appellate Division, First Department. May 6, 1904.)

1. FALSE REPRESENTATIONS—PURCHASE OF REALTY—AMOUNT OF RENTS—SUFFICIENCY OF EVIDENCE.

Evidence in an action against vendors of realty for damages from falsely representing to the vendee that the property was leased at a certain rental, examined, and *held* to sustain a verdict for plaintiff.

2. SAME—DUTY OF INQUIRY.

The fact that, after representing to a prospective vendee that the premises were actually let at the rental recited in the lease, the vendor refuses to sign a written statement to that effect, while reiterating the assurance, does not put the vendee on inquiry, so as to preclude his recovery for the false representation.

3. SAME—MEASURE OF DAMAGES.

The measure of damages for falsely representing to a prospective vendee that premises are leased at a certain rental is the difference between the actual value of the property when the conveyance was made and the value it would have had if the representations had been true.

4. SAME—OTHER MISREPRESENTATIONS—ADMISSIBILITY OF EVIDENCE.

. In an action for falsely representing to a prospective vendee that a storeroom in the premises was leased at a certain rental, evidence that a similar false representation was made as to the lease of another portion of the premises is admissible to show intent to deceive.

5. SAME—LETTER TO AGENT.

In an action for falsely representing to a prospective vendee that the premises were leased at a certain rental, a letter containing the representation, written by defendants to their agent, who was conducting the transaction, in response to the vendee's request for information, and with the intention that it should be shown him, is admissible.

6. SAME—RECOVERY—SUFFICIENCY OF EVIDENCE.

Evidence in an action for falsely representing to a prospective vendee that the premises were leased at a certain rental *held* to warrant a recovery of $6,000.

Appeal from Trial Term, New York County.

Action by Louis Ettlinger against Jonas Weil and another. From a judgment for plaintiff and the denial of a new trial, defendants appeal. Affirmed.

¶ 3. See Fraud, vol. 23, Cent. Dig. § 61.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGH-LIN, O'BRIEN, and INGRAHAM, JJ.

William B. Hornblower, for appellants.

Samuel Untermyer, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for alleged false representations as to rentals in the sale of real estate. The complaint alleged, in substance, that the defendants induced the plaintiff to purchase a building in the city of New York by falsely and fraudulently representing that a store in it was leased to the firm of Carroll & Co. for a period of two years at a rental of $13,000 per year, when in fact it was only rented for $10,500 per year, and by reason of such false and fraudulent representations, upon which the plaintiff relied, he had sustained damage in the sum of $50,000, for which judgment was asked. The answer admitted the sale, but denied all the allegations of fraud. At the trial it appeared that on the 4th of June, 1897, as the result of previous negotiations, an agreement was entered into between the parties to this action, by which the defendants agreed to sell and the plaintiff to purchase certain real estate with a 12-story building thereon, situate in the city of New York, for the sum of $900,000, the purchase price to be paid by the transfer of certain property, the execution of a mortgage for a given amount, and the balance in cash; that during the negotiations which finally culminated in the execution of the agreement the plaintiff requested one Beringer, a real estate broker, who represented the defendants, to furnish a statement of the rentals of the defendants' building, in response to which he produced a letter signed by the defendants, in which appeared the statement that "the store is rented to William Carroll & Co. at $13,000 per annum to February 1st, 1899, with privilege of renewal at $15,000," and subsequently the defendant Mayer made substantially the same statement to the plaintiff; that when the parties met for the purpose of executing the agreement, the plaintiff, through his attorney, requested the defendant then present (Mayer) to sign a written statement to the effect that the leases were genuine, and correctly expressed the rent which the tenants had agreed to pay; that Mayer refused to sign such statement, was seemingly indignant because his word in this respect was questioned, and then assured the plaintiff that the leases spoke for themselves, were correct and genuine, and no rebates or concessions in rents had been made. It also appeared that the agreement referred to the Carroll lease, as well as to two others, all of which were produced and initialed by the parties; that the agreement was thereupon executed, and a few days later was consummated by the delivery of deeds, and the plaintiff, on or about July 1, 1897, went into possession of the property transferred to him, from which time until the expiration of its lease Carroll & Co. paid rent, as provided therein, at the rate of $13,000 per year; that while such payments were made to the plaintiff Carroll & Co. did not, during the entire term, pay at that rate, inasmuch as when the lease was signed it was agreed between them and the defendants that the lease should provide for the payment of an annual rental of $13,000, but allowances would

be made by way of deductions, which would make the rent in fact, $10,500; that such allowances were made, and, the same being insufficient by $1,666.66, at the time plaintiff went into possession, to bring the rental down to $10,500, the defendants for that purpose, intermediate the signing of the agreement and the delivery of the deed, gave to Carroll & Co. cash to that amount. The firm of Carroll & Co. at the expiration of its lease refused to renew at a rental in excess of $12,000, and the plaintiff then for the first time ascertained that the actual rent which that firm had paid during the term specified in the lease was $10,500, instead of $13,000, as represented by the defendants, and that the option providing for renewal at $15,000 per annum was not inserted at its request. He thereupon brought this action to recover the damages alleged to have been sustained by reason of defendants' false representations as to the Carroll rent. He had a verdict for $6,000, and from the judgment entered thereon and an order denying a motion for a new trial, defendants have appealed.

I think the judgment appealed from should be affirmed. It is true that the testimony on the part of the plaintiff tending to establish the foregoing facts was in some respects, and especially the false representations as to the Carroll rent, contradicted by testimony offered upon the part of the defendants. The defendant Mayer denied explicitly that any representations were made as to the rent paid by Carroll & Co., or that any concessions had been made to that firm, and in this respect he was corroborated by several witnesses. Notwithstanding this fact, at the conclusion of the trial it was for the jury to say whether such representations were made, and, if so, whether with the intent of deceiving the plaintiff, and whether he, believing them to be true, purchased the property, and thereby sustained damage. The action was to recover damages for deceit, and the rule as to what the plaintiff was required to prove in order to maintain it is well settled. He was bound to prove "representation, falsity, scienter, deception, and injury." Arthur v. Griswold, 55 N. Y. 400; Brackett v. Griswold, 112 N. Y. 454, 20 N. E. 376; Fairchild v. McMahon, 139 N. Y. 290, 34 N. E. 779, 36 Am. St. Rep. 701. Evidence was given bearing upon each one of these questions, and the jury, by its verdict, found the existence of all of them.

It is urged that, even though it be conceded that the representation as to the Carroll rent was false, nevertheless the plaintiff is not entitled to the recovery had by him, inasmuch as he was put upon inquiry when the defendant Mayer refused to sign a statement to the effect that no concessions or rebates had been made to the tenants of the building. I do not think what was said was sufficient to require the plaintiff to investigate the truth of Mayer's statements. On the contrary, he had a right to rely upon what he said as being true. They met for the purpose of executing the agreement, and Mayer was thereupon requested by plaintiff's attorney to sign a statement to the effect that what he had theretofore said, as well as what was expressed in the leases he then produced as to the rents, was true. He seemingly was indignant that the plaintiff should question the truthfulness of his statements. This lulled the plaintiff into security,

so that he trusted him, and, if he were damaged thereby, defendants are responsible. As said by Judge Earl in Albany City Savings Institution v. Burdick, 87 N. Y. 40:

"It is certainly not just that one who has perpetrated a fraud should be permitted to say to the party defrauded, when he demands relief, that he ought not to have believed or trusted him. Where one sues another for negligence, his own negligence contributing to the injury will constitute a defense to the action. But where one sues another for a positive, willful wrong or fraud, negligence by which the party injured exposed himself to the wrong or fraud will not bar relief. If the rule were otherwise, the unwary and confiding, who need the protection of the law most, would be left a prey to the fraudulent and artful practices of evildoers."

See, also, Wilcox v. American Telephone & Telegraph Co., 176 N. Y. 115, 68 N. E. 153.

It is also urged that the judgment is erroneous inasmuch as an improper measure of damages was adopted at the trial, but an examination of this question fails to disclose any error. The trial court held, in the admission of evidence, as well as in submitting the case to the jury, that the proper measure of damages was the difference between the value of the property as it was in fact when the conveyance was made and the value as it would have been if the representations as to the rental had been true. This, I understand, is the correct rule. The representations as to the rental being false in fact, and by reason of which plaintiff was defrauded, he is entitled to be made pecuniarily as well off as if the representations had been true, and this result is accomplished by allowing him as damages a sum equal to the difference between the value of the property with the store leased at $10,500 and the value as it would have been had it been leased at $13,000. Krumm v. Beach, 96 N. Y. 398; Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301; King v. Mott, 37 App. Div. 124, 56 N. Y. Supp. 213; Grosjean v. Galloway, 64 App. Div. 547, 72 N. Y. Supp. 331; Prince v. Jacobs, 80 App. Div. 243, 80 N. Y. Supp. 304. In this connection it is to be observed that defendants' counsel, when the question first arose upon the trial, entertained this view. He then insisted that the proper measure of damages was the "market value" of the property, and that this was the "only test" by which damages could be ascertained.

During the course of the trial the plaintiff was permitted to prove, against the objection and exception of the defendants, that their representation as to the rent payable under the French lease was also false; the tenant, instead of paying $6,500 as stated in the lease, paying in fact only $6,000. A recovery was not asked upon this ground, but the evidence was offered solely for the purpose of showing defendants' intent to deceive in representing that Carroll & Co. paid $13,000, instead of $10,500. It was admissible for this purpose. Whenever a transaction is assailed as fraudulent, evidence is admissible of other and contemporaneous transactions of a similar fraudulent nature for the purpose of showing intent. Hall v. Naylor, 18 N. Y. 588, 75 Am. Dec. 269; Miller v. Barber, 66 N. Y. 558; Spaulding v. Keyes, 125 N. Y. 113, 26 N. E. 15; Boyd v. Boyd, 164 N. Y. 234, 58 N. E. 118. The French lease was mentioned in the agreement, and was produced and initialed at the time the agreement was executed. That a false representation was made as to that was some

evidence bearing upon the question of whether the defendants intended to deceive the plaintiff in stating what they did as to the Carroll rent. The reason why evidence of this character is admissible in an action for fraud is stated in Hall v. Naylor, supra. There the court said:

"On the trial of such an issue the quo animo of the transaction is the fact to be arrived at, and it is therefore competent to show that the party accused was engaged in other similar frauds at or about the same time. The transactions must be so connected in point of time, and so similar in their other relations, that the same motive may reasonably be imputed to them all. * * * It is not necessary, however, that the means of accomplishing each fraud should be the same."

It is also suggested that error was committed in receiving against defendants' objection and exception the letter before referred to, sent by defendants to their brokers. The letter was written by a son of the defendant Weil. He was at the time connected with, and had an interest in, the firm. The plaintiff had requested a statement as to the rents, and this letter was written in response to that request. It is true it was addressed in form to the defendants' brokers, but it was manifestly sent to them for the purpose of being shown to the plaintiff. It was shown to him, and he acted upon it. The defendants therefore were bound by the acts of the brokers just as effectually as they would have been had they shown the letter to the plaintiff themselves. Garner v. Mangam, 93 N. Y. 642; Mayer v. Dean, 115 N. Y. 556, 22 N. E. 261, 5 L. R. A. 540; Taylor v. Commercial Bank, 174 N. Y. 181, 66 N. E. 726, 62 L. R. A. 783, 95 Am. St. Rep. 564. In the case last cited the court, adverting to this rule, said:

"It is an established principle of law that where a person acts for another, who accepts the fruits of his efforts, the latter must be deemed to have adopted the methods employed, as he may not—even though innocent—receive the benefits and at the same time disclaim responsibility for the fraud by means of which they arose."

Finally, it is claimed that the plaintiff wholly failed to prove that he suffered any damage. Bearing on this question, testimony was offered to the effect that the property purchased by the plaintiff was worth $50,000 less than it would have been worth had the rent specified in the Carroll lease for the time stated been $13,000 instead of $10,500. There was also proof to the effect that Carroll & Co., as already said, would not pay over $12,000 a year for the privilege of continuing in the premises at the expiration of the lease; and at the time of the trial—over five years after the property was conveyed to the plaintiff—Carroll & Co. were paying an annual rental of only $13,000, and in the meantime rents in that immediate vicinity and in the building itself had advanced. In view of this testimony a verdict of $6,000 in favor of the plaintiff ought not to be disturbed.

Attention is also called by the appellants in the brief presented to other objections and exceptions, but they do not seem to be of sufficient importance to be here considered. It is sufficient to say that after an examination I do not believe any error was committed with respect thereto.

The judgment and order should be affirmed, with costs. All concur.