(1 App. Div. 389.)

## NEWCOMBE v. FOX.

(Supreme Court, Appellate Division, First Department.   February 7, 1896.)

1. NOTES—PRESUMPTION OF PAYMENT.
    No presumption of payment arises from failure to sue on a note until the day before it would become barred by the statute of limitations.

2. SAME—PAYMENT—EVIDENCE.
    In an action on a note, evidence that the maker, in a conversation with one of the payees, claimed to have paid it, and to have a receipt therefor, which he did not produce when requested to do so, is not competent to prove payment.

3. SAME—SUFFICIENCY.
    In an action on a note, a witness testified to statements by the payee to the maker tending to show that a note of the maker had been paid, and that he (the witness) thought they referred to the note in suit.   At the time of such statements, there were three notes outstanding given by the maker to the payee.   *Held*, that the evidence was insufficient to prove payment.

4. APPEAL—HARMLESS ERROR.
    Where the evidence in an action on a note was insufficient as a matter of law to sustain a plea of payment, error in the admission of evidence to disprove payment is harmless.

Appeal from circuit court, New York county.

Action on a note by Ida M. Newcombe, as executrix of the will of Richard S. Newcombe, deceased, against William J. Fox.    From a judgment for plaintiff entered on a verdict ordered by court, defendant appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

M. A. Quinlan, for appellant.
W. H. Hamilton, for respondent.

RUMSEY, J.    This action is upon a promissory note, and the sole defense was payment.    The question presented on the merits of this appeal is only whether it was error to order a verdict for the plaintiff.    The note was dated November 1, 1886, payable on demand to Newcombe & Cardozo, and was produced by plaintiff. When that was done, there arose a presumption that she was the owner of it.    Stephens v. McNeill, 26 Barb. 657.

It appears that suit was brought on the note on the 31st day of October, 1892, just before it would have been barred by the statute of limitations, and it is insisted that this delay to sue raised a presumption which, taken with the other facts, might be considered as tending to show that the note was paid.    It is doubtless true that the fact of long delay in suing upon a claim is proper to be con-

sidered in some cases where the defense is payment. But, from the mere fact of delay to sue a strictly legal claim where the statute of limitations has not run against it, no presumption of payment can be raised. The evidence relied on to show payment here is that of the witness Toner. The testimony of Cardozo contains nothing that bears upon the question except that, after this suit was brought, he had a talk with Fox, in which Fox claimed that he had paid the note, and had a receipt, but he did not produce it when requested to do so. But that testimony was not competent, and cannot be considered. The testimony of Toner is that in July, 1888, he wrote a letter to Fox, which, being produced, seems to have no relation to this matter. He says, however, that it referred to this note. He says that shortly after Newcombe and Fox came out of Newcombe's room, Newcombe said that everything was arranged, that it was all right, and Fox asked, "When can I get the note?" to which Newcombe replied that he would look for it, and send it to him. The witness further said that he thought, but was not positive, that Newcombe told him to look up this note, and send it to Fox. It appeared, however, that, at the time of this talk between Newcombe and Fox, there were two other notes outstanding given by Fox to the firm, each of which was due, and the witness was unable to say to which of the three notes the parties referred in the talk given above. There was no further evidence of payment. This, as we think, was not enough to have enabled the jury to say that the note in suit was paid, and for that reason the court was correct in not submitting to them that question.

It is claimed by the defendant that the court erred in overruling the objection to the bill and letter sent by the firm of Newcombe & Cardozo to Fox in 1889. Whether it was error to receive that evidence need not be decided. The evidence was offered by the plaintiff upon the question of payment. But whether or not she offered evidence on that issue made no difference. The defendant had failed to prove it, and the court was bound to so hold. The proof offered to show that the note was still unpaid was entirely unnecessary, because the defendant had failed in his effort to show that it was paid. For that reason the evidence referred to could not have changed this result, and the admission of the evidence did no harm. Where the evidence given to prove a defense is entirely insufficient, a new trial will not be granted for errors in the admission of evidence offered merely to rebut such defense. Bronson v. Tuthill, 1 Abb. Dec. 206.

The judgment should be affirmed, with costs. All concur.