(65 App. Div. 302.)

### HITCHINGS v. KAYSER.

(Supreme Court, Appellate Division, First Department. November 15, 1901.)

1. SALES—PAYMENT—EVIDENCE.

In an action for goods sold and delivered by an assignor, the party having charge of assignor's office, and through whose hands all payments went, testified, without objection, that defendant never paid for the goods to his knowledge, and the assignee testified that he never received any payment thereon. *Held* to sustain a finding that the account was not paid.

2. SAME—EVIDENCE—SET-OFF.

In an action to recover for goods sold and delivered by an assignor, defendant's cashier testified that he had made certain payments, and read various entries from the defendant's books. Certain checks and notes of defendant were produced, but it did not appear which were given for accommodation and which were not. Statements of account to a certain date were shown, but none as to accounts from then to the date of assignment. *Held*, that the evidence was so obscure and involved as to justify a finding that set-off alleged had not been proved.

3. SAME—ASSIGNMENT FOR BENEFIT OF CREDITORS.

In an action to recover for goods sold and delivered by an assignor, plaintiff offered the original general assignment, which was recorded, and also the assignee's bond and schedule, in evidence, and objection was made to the inventory and schedule only. The assignee testified, without objection, to the fact of assignment. *Held*, that the claim that there was no proof of the assignment was untenable.

Appeal from judgment on report of referee.

Action by Hector M. Hitchings, as assignee for the benefit of creditors of the firm of Orlo Atwood & Sons, against Julius Kayser. From a judgment in favor of plaintiff, entered on report of a referee, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles J. Hardy, for appellant.

Melvin G. Palliser, for respondent.

INGRAHAM, J. The action was brought to recover for goods sold and delivered by the plaintiff's assignor to the defendant. The

answer, while admitting the sale and delivery by the plaintiff's assignor of certain merchandise, alleges, in substance, that there were other transactions between the plaintiff's assignor and the defendant, and that there was owing from the plaintiff's assignor to the defendant the sum of $1,505.20, which sum was due prior to the time of the making of the assignment alleged in the complaint. The case was referred to a referee, who reported in favor of the plaintiff, and that the defendant "failed to establish any set-off against the plaintiff's cause of action," and awarded to the plaintiff judgment for the amount claimed and interest.

Upon the trial the plaintiff offered in evidence the general assignment for the benefit of creditors to the plaintiff, and called a witness who had charge of the New York office, where the goods in question were purchased. He testified, without objection, that all payments that were made to the New York office went through his hands, and were deposited by him in the bank, and that the defendant had never paid for these goods, to his knowledge. The assignee was called, and testified, without objection, that no money was paid to him for these goods to recover for which this action was brought. The plaintiff then rested. The defendant moved to dismiss the complaint, upon the ground that the plaintiff had not proved that the account set forth in the complaint was not paid.

I think there was evidence received without objection to sustain the finding of the referee that the account was not paid, and therefore it is unnecessary to determine in this action whether or not it was necessary to allege in the complaint and to prove upon the trial that the amount due had not been paid. The action is to recover for goods sold and delivered, and it is to enforce an implied promise of the defendant to pay for the goods. In such an action it has always been held that payment is an affirmative defense, and must be alleged and proved by the defendant. If to establish a defense of payment there must be an affirmative allegation of such a defense, and affirmative proof, it is a little difficult to see upon what principle the plaintiff can be required to allege nonpayment as part of this cause of action and prove it upon the trial. The cases are numerous and uniform that where the action is to enforce a promise to pay, either express or implied, no allegation or proof of nonpayment is necessary.

The defendant relies upon the case of Lent v. Railway Co., 130 N. Y. 504, 29 N. E. 988. There it was held that, in an action for a breach of contract, the breach must be alleged and proved. That was a case to recover the value of property sought to be taken by the defendant, a railroad corporation, under the right of eminent domain. Payment was sought to be enforced under the provisions of the statute authorizing the commencement of the proceeding, and it was held that an allegation of nonpayment was essential. An entirely different question is presented in an action of the character now under consideration, and we are referred to several cases which hold that such an allegation is not necessary. See Lerche v. Brasher, 104 N. Y. 157, 10 N. E. 58; Newcombe v. Fox, 1 App. Div. 389, 37 N. Y. Supp. 294, affirmed in 154 N. Y. 754, 49 N. E. 1101.

It is not necessary to determine, however, which rule should be applied here, as there was evidence sufficient to justify the referee in finding that the account had not been paid.

The only other question is as to whether the referee's finding that the defendant had failed to establish any set-off against the plaintiff's cause of action was sustained by the evidence. One Lewinsohn was called for the defendant, and testified that he was cashier and bookkeeper of the defendant, and had been such since October 21, 1881; that the plaintiff's assignor did work for the defendant as silk thrower, and that in the last few years of the plaintiff's assignor's business they sold to the defendant some ribbons; that he made payments on behalf of the defendant to the plaintiff's assignor direct to New London, where the plaintiff's assignor had a branch of their business, or to Mr. Dayton Atwood, who was a member of the firm, when he came to the New York office. The defendant then offered in evidence an account dated October 1, 1899, which purported to be an account between the defendant and the plaintiff's assignor to that date, and which showed a balance due to the plaintiff's assignor of $1,147.46. The witness was then allowed to read from the books of the defendant's firm various entries of charges against the defendant for silk throwing, and also various charges on account of the purchase of ribbons from the plaintiff's assignor. The witness then testified as to various cash payments made by the defendant to the plaintiff. Several checks of the defendant were produced, payable to the plaintiff's assignor, and various notes were also produced, by which the defendant promised to pay to the plaintiff's assignor various sums of money, and which were indorsed as paid. The testimony in regard to these checks and notes is quite indefinite. It would seem that notes were exchanged between these parties for their mutual accommodation, and it is impossible to tell from this evidence just what notes were given in payment of indebtedness, and what notes were given for accommodation; and the witness appears to have testified almost entirely from the books of the defendant, which were certainly not evidence against the plaintiff. Although the witness testifies that he constantly received from the plaintiff's assignor statements showing goods paid for up to that time, they are not produced, nor are there any bills produced, which would be competent evidence against the plaintiff's assignor. The defendant did produce what seem to be several statements of account that were rendered by the plaintiff's assignor to the defendant, one dated February 20, 1891, which seems to include all accounts between the parties from August, 1889, to that date; one dated January 5, 1892, which seems to cover a period from January 1, 1891, to the end of October, 1891, and dated January 5, 1892, covering the period from November 4, 1891, to January 5, 1892; but there is nothing to show the state of the accounts between these parties from that date to the date of the assignment, in 1898. From the condition of this evidence it is impossible to arrive at any conclusion as to the condition of the accounts between these parties, or to find that there was any balance due from the plaintiff's assignor to the defendant on these general transactions. No statement of account is presented. No

distinction is shown between the notes that were given for accommodation and the notes actually representing money paid, or checks that were exchanged or that represented actual payments. The whole condition is so obscure and involved that we think the referee was quite justified in saying that the set-off alleged in the answer had not been proved.

It was objected that there was no proof of the assignment. It will be seen upon reference to the evidence in this case that the record shows that the plaintiff offered in evidence the original general assignment to Hitchings, dated August 31, 1893, and recorded the same day in the county clerk's office, and also the assignee's bond and schedules; and the only objection was as to the inventory and schedule, no objection whatever being taken to the receipt in evidence of the assignment and bond as approved. The record further shows that Hitchings testified to the fact of the assignment without objection, which seems to dispose of the claim that the record contains no evidence of an assignment to the plaintiff.

There are several objections to rulings on evidence to which exceptions were taken, but I do not think there was any error committed which would justify us in setting aside the report of the referee.

Upon the whole case I think the judgment should be affirmed, with costs. All concur.