In the Matter of the Petition of ERNEST STILLMAN for the Judicial Settlement of His Account as Executor under the Last Will and Testament of FANNIE E. BOUGHER, Deceased.

Surrogate's Court, Kings County, November, 1922.

Negotiable instruments — claim against decedent's estate — production of notes signed by deceased and payable to claimant makes prima facie case — evidence — § 347, Civil Practice Act, not applicable.

Where the execution of notes made by decedent has been established, the mere production of them by claimant to whom they were made payable establishes that he has title thereto and that they were delivered to him for a valuable consideration and it is unnecessary to show by oral testimony his right of possession thereto.

After the signatures of decedent to the notes had been established by competent testimony, the notes accompanied by checks of claimant to the order of decedent

for amounts corresponding to the notes, indorsed and paid at the claimant's bank, were offered in evidence. *Held*, that the validity of the claim both upon the notes and the checks was sufficiently established.

The executors objected to the reception of the notes in evidence upon the ground that unless delivery of them was shown by testimony other than that of claimant he could not under section 347 of the Civil Practice Act testify that they were in his possession and thus endeavor to raise a presumption of delivery; and that the production of the notes and offering them in evidence as proof of possession from which delivery could be inferred, being in effect the act of the claimant, was likewise incompetent under said section. *Held*, that the objection will be overruled.

PROCEEDINGS for settlement of executor's accounts.

*Fred L. Gross,* for petitioner.

*Richard Kelly,* for Frederick E. Himrod.

*Malcolm R. Matheson,* for Ieraci Rocco, Jessie Famiglietta, Dr. Warren S. Simmons and the Swedish Hospital.

*Frederick W. Fielding,* for Mrs. Martha A. McRae and Miss Belle McRea.

WINGATE, S.   The claimant, Himrod, bases a portion of his claim upon certain promissory notes of decedent payable to him. The claimant's checks to the order of decedent for amounts corresponding to the notes indorsed by the decedent and paid by the claimant's bank accompany the notes.   The attorney for the claimant produced the notes in court and offered them in evidence, having first proved by competent testimony the signatures of the decedent thereto.   Objection was made by the executors to their admission, upon the ground that unless delivery of the notes is shown by testimony other than his own, the claimant cannot, under the provisions of section 347 of the Civil Practice Act, testify that the notes were in his possession and thus endeavor to raise a presumption of delivery; and further, that his attorney's act in producing the notes and offering them in evidence as proof of possession from which delivery would be inferred, being in effect the act of the claimant, was likewise incompetent under the section named.

There is no need, by oral testimony, to show possession in the claimant, where in a case like this the question of access to decedent's effects after her death is not involved.   Execution being established by competent proof, the mere production of the notes by the claimant *prima facie* establishes that he has title thereto and that there has been a valid delivery to him for a valuable consideration.   See Neg. Inst. Law, §§ 35, 50; *Cowee* v. *Cornell,* 75 N. Y. 91; *Carnwright* v. *Gray,* 127 id. 92; *F. L. & T. Co.* v. *Siefke,* 144 id. 354; *Newcombe* v. *Fox,* 1 App. Div. 389; affd., 154 N. Y.

Surrogate's Court, Westchester County, October, 1922. [Vol. 119

754; *Pfister* v. *Heins*, 136 App. Div. 457, 461; *Madden* v. *Gaston*, 137 id. 294; *Linick* v. *Nutting & Co.*, 140 id. 265, 270.

Surrogate Heaton in 2 Heaton on Surrogates' Courts (4th ed.), 1890, states the rule as follows: " In seeking to establish a note as a valid obligation against the estate of the decedent, the claimant assumes the burden of showing, by a fair and reasonable preponderance of evidence, that the same was executed and delivered for a legal consideration; and such duty remains with the claimant during the entire trial. *This burden is met, in the first instance, by presentation and proof of the execution of the note. Proof of the note prima facie establishes the claimant's cause of action and the executor, thereupon, becomes bound to controvert it by evidence,*" citing *F. L. & T. Co.* v. *Siefke, supra.*

The case of *Wilber* v. *Gillespie*, 127 App. Div. 604, cited by the executor in opposition to the reception in evidence of the notes, is not here applicable. If the claimant were not content to rest his case upon the presumption arising from production of the notes, he could not, of course, aid in the establishment of his claim by his own testimony as to facts involving a personal transaction with the decedent.

The objection to the acceptance in evidence of the notes is overruled.

The evidence offered sufficiently establishes the validity of the Himrod claim, in so far as it is represented by the notes before the court, and also in so far as it is based upon the check of February 1, 1921, for fifty dollars, the item of fifty dollars advanced for rent, the item of five dollars and fifty-five cents paid to Egidia S. Peterson, and the telephone bill of four dollars and sixty cents.

Settle decision and decree on notice.

Decreed accordingly.