In the Matter of the Judicial Settlement of the Accounts of MARION M. DEUCHLER, as Administratrix, etc., of MARTIN D. MEEHAN, Deceased, as Administrator, etc., of ANASTASIA MEEHAN, Deceased.

EDWARD S. MEEHAN, Appellant; MARION M. DEUCHLER, as Administratrix, etc., of MARTIN D. MEEHAN, Deceased, and Another, Respondents.

Fourth Department, May 4, 1927.

Executors and administrators — accounting — administratrix of decedent's estate in filing account of decedent's transactions as administrator of his sister's estate, allowed as proper claims against sister's estate in favor of decedent's estate certain non-negotiable instruments — claim is made that instruments were signed and delivered by sister to decedent — evidence shows instruments were found after decedent's death among his private papers — possession under such circumstances is not evidence of delivery — Negotiable Instruments Law, § 35, not applicable.

This is a proceeding for the judicial settlement of the accounts of the intestate as administrator of his sister's estate. The sister's estate cannot be charged with certain non-negotiable instruments found among the private papers of intestate, in the absence of any evidence that the instruments were delivered by the sister to the intestate, her brother, with whom she lived. Under the circumstances and in view of the fact that the intestate's sister lived with him, the mere fact that the instruments were found among his private papers after his death, does not establish delivery by the sister to him, so as to constitute them binding obligations on the sister's estate.

Section 35 of the Negotiable Instruments Law to the effect that where an instrument is no longer in the possession of the party whose signature appears thereon a valid and intentional delivery is presumed until the contrary is proved, has no application to non-negotiable instruments. As to them, delivery must be proven by those claiming rights thereunder.

CLARK and SAWYER, JJ., dissent.

APPEAL by Edward S. Meehan from a decree of the Surrogate's Court of the county of Wayne, entered in the office of said Surrogate's Court on the 27th day of October, 1925.

Said decree settled the accounts of the administratrix of the estate of Martin D. Meehan, deceased, of his acts and proceedings

as administrator of the estate of Anastasia Meehan, deceased, and allowed and established the validity of certain non-negotiable instruments alleged to have been made and delivered by Anastasia Meehan, deceased, to Martin D. Meehan, deceased, and which by their terms were payable to him.

*Edwin M. Harvie*, for the appellant.

*Charles P. Williams*, for the respondent Marion M. Deuchler, administratrix.

*Jesse C. Petteys*, for the respondent Edwin B. Palmer, administrator *de bonis non*.

HUBBS, P. J. Martin D. Meehan was duly appointed the administrator of the estate of his sister, Anastasia Meehan, deceased. While acting as such administrator he died on October 7, 1923. Marion M. Deuchler was duly appointed administratrix of his estate and filed an account of his transactions as administrator of the estate of Anastasia Meehan, deceased. In said account certain non-negotiable instruments, alleged to have been signed and delivered by Anastasia Meehan to Martin D. Meehan, were allowed as proper claims against the estate of Anastasia and in favor of the estate of Martin D. Objections were filed by Edwin B. Palmer, as administrator *de bonis non* of the estate of Anastasia, and by Edward S. Meehan, one of her heirs at law and next of kin. The validity of said non-negotiable instruments was contested upon the ground that they were never delivered by Anastasia to the payee named therein, Martin D. Meehan.

The only evidence bearing upon the question of delivery of said instruments is testimony to the effect that said instruments were found after the death of Martin D. Meehan in a drawer of a desk owned by him, among his private papers. The accounting administratrix relied at the trial upon an alleged presumption arising, as she claimed, from the fact that the instruments were found among the payee's private papers after his death, and upon this appeal she invokes the rule that the possession of a promissory note by its payee creates a presumption of delivery. (*Newcombe* v. *Fox*, 1 App. Div. 389; affd., 154 N. Y. 754.)

The payee named in the instruments in question was Martin D. Meehan. He was the administrator of the estate of the maker, Anastasia Meehan, who was his sister. They had lived together in the same house. The fact that the non-negotiable instruments were found in his desk among his private papers after his death does not, in our opinion, establish the fact that Anastasia Meehan delivered the instruments to him. Possession of the instruments under such circumstances is not evidence of delivery by the maker

to the payee. Neither is it evidence that the payee, Martin D. Meehan, had the instruments in his possession prior to the death of Anastasia. The fact that the instruments were found among the papers of Martin D. Meehan does not establish that he did not find the instruments among the papers of Anastasia after her death.

The decision of this case is controlled by the decision in *Matter of Narganes* (161 App. Div. 563). That case was carefully considered in the Appellate Division, two opinions being written, and was affirmed by the Court of Appeals. (*Matter of Narganes*, 213 N. Y. 659.)

In his concurring opinion in that case Mr. Justice HOTCHKISS said: " The presumption of delivery which arises from possession is based on the inference that the obligor has intentionally parted with his obligation for otherwise it would not be in the hands of an adverse holder. Possession alone without explanation while evidence of ownership, has been said to be the ' lowest species of evidence,' and ' if the custody and possession is shown to be equally consistent with an outstanding ownership in a third person, as with a title in the one having the possession, no presumption of ownership arises solely from such possession.' (*Rawley* v. *Brown*, 71 N. Y. 85, 89.) Where the situation is, as here, such that possession may have been obtained by the obligee without any act of delivery by the obligor and wholly by reason of the opportunity afforded by the trust relation in which the obligee stood toward the obligor, giving him access to the papers of the latter with the right and duty to possess himself thereof, I think any presumption based on the theory of adverse possession must fail. The authorities are numerous that until delivery, one who executes a deed or obligation has a *locus pœnitentiæ*. Furthermore, if the debt has been paid by the obligor, it would be natural to find in his possession the instrument by which it was evidenced. The situation, therefore, presents two circumstances (non-delivery and payment) under which it would have been quite natural for the deceased to have had possession of the paper at the time of his death, and in either event possession would have passed to the executor by virtue of his office. That any presumption of delivery or of indebtedness should not be taken to arise under such circumstances is further supported by the rule which requires a claimant in the situation of this executor to support his claim by proof of the most satisfactory character." That case was decided in 1914, seventeen years after section 35 of the Negotiable Instruments Law was enacted. That section reads, in part: "And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." The section, however, refers to a negoti-

able instrument and has no bearing upon the question of delivery of a non-negotiable instrument.

Various other exceptions have been urged by the appellant which it becomes unnecessary to discuss in view of our holding that there was an absolute failure of proof of delivery of the instruments in question.

The decree of the surrogate should be reversed and the matter remitted to the Surrogate's Court to enter a decree in accordance with this opinion, with costs to the appellant payable out of the estate.

All concur, except CLARK and SAWYER, JJ., who dissent and vote for affirmance. Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Decree, so far as appealed from, reversed on the law and matter remitted to the Surrogate's Court to enter a decree in accordance with the opinion, with costs to appellant payable out of the estate.