In the Matter of the Account of Proceedings of RICHARD B. WAGONER, as Executor, etc., of WILLIAM EHLERS, Deceased.

Surrogate's Court, Albany County, January 14, 1929.

*Peter A. Hart,* for the executor.

*William A. Glenn,* for Ruth A. Ehlers.

SCHENCK, S. The decedent herein died in 1926, leaving a last will and testament, which was duly admitted to probate and letters testamentary issued to Richard B. Wagoner therein named as executor and trustee. The will contained, among other provisions, the following:

" *First.* After all my lawful debts are paid and discharged, including my indebtedness to Richard B. Wagoner, of Albany, N. Y., I give, devise and bequeath to my mother," etc.

Decedent had several life insurance policies covering his own life, three of which, aggregating approximately $7,100, contained the following beneficiary clause: " Richard B. Wagoner, or his executor, administrator or assigns, in trust, first to pay himself any indebtedness from the insured existing when the policy becomes a claim and second to pay the remainder, if any, to said insured's estate."

The petitioner, the widow of deceased, brought this proceeding to compel Mr. Wagoner to render and file an account of his proceedings as executor and trustee, which account has been filed but does not include any part of the $7,100, the proceeds of the aforementioned insurance policies, the accounting party maintaining that the proceeds of these policies constitute no part of the estate and that this court has no jurisdiction to compel him to account therefor.

Apparently, decedent authorized Mr. Wagoner to collect the proceeds of these policies " in trust " and pay himself such indebtedness as might be due from decedent at the time of his death and to pay the balance to the estate. But it so happens that Mr. Wagoner, the beneficiary trustee named in the policies, is also the executor named in the will and has duly qualified as such.

Section 212 of the Surrogate's Court Act provides that an executor or administrator shall not satisfy his own debt or claim out of the property of the deceased until proved to and allowed by the surrogate, and such proof has not been given in this proceeding. The executor contends that the proceeds of these policies of insurance are not moneys belonging to the estate, that this court has no jurisdiction of these moneys and that if the petitioner is not satisfied with the application thereof, she must pursue her remedy before some other tribunal.

I do not understand this to be the law as established by the courts of this State. The broad powers extended to Surrogates' Courts under section 40 of the Surrogate's Court Act to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter as justice requires, have not been curtailed by the decisions of the higher courts.

The broad extent of the present equitable powers of the Surrogate's Court is well illustrated by the decision of the Court of Appeals in *Matter of Cook* (244 N. Y. 63) where it was held that an

agreement by next of kin not to contest a will upon receipt of advance payments may be considered by the surrogate and the rights of the parties determined. Judge CRANE, writing the opinion, says: " Such agreements are only cognizable in equity; they are enforced by a decree which enjoins or prevents a contracting party from proceeding contrary to the agreement. Equity molds the relief to fit the situation, to compel the party to keep his bargain. As the Surrogate's Court, under section 40 of the Surrogate's Court Act, now has equity jurisdiction, the surrogate after hearing the parties and taking the proof, will determine as would a court of equity whether these next of kin have any legal or equitable standing in his court."

Clearly the question as to whether the decedent herein was indebted to Mr. Wagoner, the executor under his will, and in what amount, is a matter " necessary to be determined in order to make a full, equitable and complete disposition of the matter * * * as justice requires," within the provisions of section 40; for in the event that no indebtedness existed between Mr. Wagoner and the decedent at the time of the latter's death, all of the moneys collected under these policies should have been paid to the estate. If, on the other hand, the indebtedness amounted to only a portion of the sum realized, then the remainder belongs to the estate and must be accounted for.

From an examination of the authorities, it is my judgment that the Surrogate's Court not only has jurisdiction but must determine the amount of decedent's indebtedness to the executor herein before such executor is entitled to any of the proceeds of such policies. Surely the statutes and the decisions never contemplated that a beneficiary of an insurance policy payable to him in trust to protect an indebtedness due him, who is also the executor of the debtor's estate, shall be the sole judge as to the amount of such indebtedness, thereby placing him in a position to claim the entire proceeds of such policy without any accounting whatsoever.

It may well be that decedent intended that Mr. Wagoner should have a lien upon this insurance fund, so that in the event of the estate being insufficient to pay its indebtedness, he would not be required to share as other general creditors but would be paid in full. This does not, however, relieve Mr. Wagoner as executor from the burden of proving his claim, and the proper tribunal is the Surrogate's Court. (*Matter of Ungrich*, 115 Misc. 762; *Matter of Valentine*, 122 id. 486; *Matter of Hawes*, 119 id. 359; affd., 212 App. Div. 861; *Matter of Davis*, 128 Misc. 622; *Matter of Johnson*, 124 id. 498, 504; *Schley* v. *Donlin*, 131 id. 208, and cases cited.)

Obviously, the granting of broad powers of equitable jurisdiction to the Surrogate's Court does not impair the general equitable jurisdiction of the Supreme Court over issues of the character here involved, but the rule seems to be that where the Surrogate's Court has complete power to safeguard the interest of the parties, the Supreme Court should refuse to act. (*Bankers Surety Co.* v. *Meyer*, 205 N. Y. 219; *Lawrence* v. *Littlefield*, 215 id. 561; *Matter of Runk*, 200 id. 447.)

Mr. Justice MARTIN, writing the opinion in *Evans* v. *Appell* (211 App. Div. 105), says: " In the language of Judge WERNER in *Matter of Runk* (200 N. Y. 447, 461) the Surrogate's Court affords a 'simpler and more expeditious method of accounting' than by an action in the Supreme Court. In addition, the specialization of the work of the Surrogate's Court is of advantage to representatives of estates and beneficiaries in expediting the final determination. The Supreme Court has repeatedly declined, as a matter of discretion, to take jurisdiction of an action for an accounting, 'unless special facts and circumstances are alleged showing that the case is one requiring relief of such a nature that the Surrogate's Court is not competent to grant it, or some reason assigned or facts stated to show that complete justice cannot be done in that court.' (*Sanders* v. *Soutter*, 126 N. Y. 193. See, also, *Lawrence* v. *Littlefield*, 215 N. Y. 561.) "

The burden of showing the fairness of a claim of one who would act for an estate in a representative capacity is well considered in the principle laid down in *Matter of Booth* (215 App. Div. 516, 522), where the court says: " The principle referred to it must be remembered is distinct from that absolutely forbidding a purchase by a trustee or agent for his own benefit of the subject of a trust, and charging it when so purchased with the trust. That amounts to an incapacity in the fiduciary to purchase of himself. He cannot act for himself at all however fairly or innocently in any dealing as to which he has duties as trustee or agent. The reason of this rule is subjective. It removes from the trustee, with the power, all temptation to commit any breach of trust for his own benefit. But the principle with which we are now concerned does not absolutely forbid the dealing, but it presumes it unfair and fraudulent unless the contrary is affirmatively shown. This doctrine, as has been said, is well settled but there is often great difficulty in applying it to particular cases. The law presumes in the case of guardian and ward, trustee and *cestui que trust*, attorney and client, and perhaps physician and patient, from the relation of the parties itself that their situation is unequal and of the character I have defined; and that relation appearing itself throws

the burden upon the trustee, guardian or attorney of showing the fairness of his dealings."

The executor herein may prove on this accounting his claim to any moneys he may have been entitled to from the proceeds of the aforementioned policies by reason of an indebtedness due him from the decedent as of the date of death. Otherwise, the proceeds of said policies shall be paid to the estate and properly accounted for.

Decreed accordingly.