In the Matter of the Estate of WILLIAM RAY, Deceased.

Surrogate's Court, Kings County, November 12, 1930.

*William G. Bates,* for the executrices.

*William West Shaw,* special guardian for Elizabeth Kitchell and William Ray Kitchell, infants.

WINGATE, S. Two objections to the accounts of the executrices herein are presented for present determination. The first relates to two notes of Steinhauser & Co., each in the sum of $25,000, which, by direction of the decedent during his lifetime, were made payable to the respective executrices individually.

The testimony on the hearings affecting these notes was clear and satisfactory. Steinhauser & Co. owed the decedent $50,000 for money loaned. On January 2, 1926, he surrendered the note evidencing this loan and directed that two notes for $25,000 each be made out, one in favor of each daughter. He later informed a son-in-law that he had given these notes to the daughters. The maker thereafter paid the interest pursuant to their directions. After testator's death, the notes were produced by the claimants. All of these facts were proved without recourse to the testimony of the daughters themselves, which was received subject to an objection of incompetency under section 347 of the Civil Practice Act.

The chief contention of the contestant on this branch of the case was that delivery of the notes to the daughters was not proved. On this phase of the subject there is the declaration of the decedent to a disinterested son-in-law, the widower of a deceased daughter, that the gifts had been effectuated; it is further indicated by a paper in the handwriting of testator and signed by him, stating the gifts to be accomplished facts; and, finally, there is the circumstance that the notes were produced from the possession of the claimants, which raises some presumption of delivery (*Cowee* v. *Cornell,* 75 N. Y. 91, 96; *Saratoga County Bank* v. *Leach,* 37 Hun, 336, 338, 339; *Mercantile Safe Deposit Co.* v. *Huntington,* 89 id. 465, 470; *Van Rensselaer* v. *Secor,* 32 Barb. 469, 472; *Matter of Bougher,* 119 Misc. 476, 477, and cases cited; *Carnes* v. *Platt,* 9 J. & S. 435; *Matter of Saulpaugh,* 180 App. Div. 914), although this presumption is undoubtedly weakened to a certain extent by the fact that the claimants were also the executrices. (*Cowee* v. *Cornell, supra.*)

This cumulation of evidence renders it unnecessary to determine whether the testimony of the daughters, each testifying on behalf of the other, was admissible, since their ownership of the notes, respectively, was amply proved without recourse thereto.

The second question relates to certain notes made by the decedent and concededly given by him to these same daughters. The testimony established a custom of the decedent to make presents to his children on holidays and anniversaries, which gifts on some occasions took the form of cash and on others, notes. Both daughters and a son-in-law testified that there was no consideration for these notes other than love and affection. (S. M. pp. 12, 27, 31.) While it was testified by each daughter on behalf of the other that sometimes the father would make a cash present and the recipient would later turn it back to him in exchange for his note, neither would identify any of the notes here in question as having resulted from such a transaction. (S. M. pp. 26, 31.)

Since the burden in every case is upon a claimant to establish the validity of his claim, which rule is particularly salutary in the case of a fiduciary, it cannot be presumed that any of the notes in question were given for cash on the facts here disclosed. (*Matter of Booth*, 215 App. Div. 516, 522; *Matter of Ehlers*, 133 Misc. 424, 426; *Matter of Roos*, 132 id. 335, 336; *Matter of Carlson*, Id. 748; *Matter of Beare*, 122 id. 519, 522; affd., 214 App. Div. 723.)

The simple question is, therefore, presented as to whether a promissory note given to a daughter by the decedent, the only consideration for which was love and affection, is an enforcible obligation against his estate. The only possible answer to this is an emphatic negative. (*Matter of Heaney*, 136 Misc. 221, and cases cited.)

The remaining objections have been disposed of by stipulation of the parties.

The court, therefore, determines that the executrices are not entitled to the credits in Schedule B-1 of their account for notes and interest in the sums of $1,233.84 and $1,373.16; that they are under no obligation to include in the assets of the estate the two notes for $25,000 each, which form the subject-matter of the second objection, but are not, however, entitled to a credit in their accounts for $400, transfer tax paid on account of these notes; and that the five shares of stock of the Brooklyn Academy of Music are chargeable against the distributive shares of Mabel Ray and Helen Ray.

Enter decree on notice accordingly.