In the Matter of the Estate of ANGIE M. BOOTH, Deceased.

Surrogate's Court, New York County, August 16, 1927.

**Executors and administrators — discovery proceedings — gift of bonds inter vivos is shown.**

The evidence introduced by the respondent in this proceeding brought under section 205 of the Surrogate's Court Act to discover the property of the decedent establishes that the bonds in question were given to the respondent by the decedent. Additional evidence introduced on the present trial does not change the conclusion reached on the former trial that the decedent made a gift of the bonds to the respondent.

DISCOVERY proceeding.

*Frederick J. Moses* and *O'Brien, Malevinsky & Driscoll,* for the petitioners.

*Edward M. Grout* and *George B. Hayes,* for the respondent.

*George J. Gillespie,* temporary administrator and attorney in person.

*O'Brien, Boardman, Parker & Fox,* for Adelaide A. Lawrence.

*Gordon, Weed & Young,* for Flushing Hospital.

*Hawkins, Delafield & Longfellow,* for trustees Sailors' Snug Harbor and Mary Russell.

*Arthur F. Driscoll* of counsel.

O'BRIEN, S.   This is a proceeding brought under section 205 of the Surrogate's Court Act by the executor and administrator with the will annexed of the above-named deceased to discover property alleged to be withheld by the respondent.   The answer filed admits that the deceased was at one time the holder of a claim against the city of Havana and admits that 821 bearer bonds were issued by the city of Havana in payment of said claim, and that some of those bonds came into respondent's possession.   As a separate and distinct defense, he alleged that he was the owner of those bonds by a certain deed of gift dated December 12, 1916. A trial was had upon the issues raised and three witnesses were produced, respondent, Walter Stanton, Dr. Dowsey, who was the attorney in fact of the decedent, and Mr. Rogers, who was for a time attorney at law and attorney in fact of the decedent.   After this trial I held that the respondent was the owner of the bonds in question, having sustained the burden of proof as to the question of title to the property involved, and dismissed the proceeding.   Upon appeal to the Appellate Division, the decree entered upon that decision was reversed (215 App. Div. 516) principally upon the ground that upon the first trial testimony relating to a transaction in Cuba

MATTER OF CANE. 333

Misc. 333]     Surrogate's Court, New York County, August, 1927.

concerning the sale of certain real estate between Dr. Dowsey, Walter Stanton and the decedent was erroneously excluded. Since that trial both Dr. Dowsey and Walter Stanton, the respondent, have died. The testimony of both these witnesses, taken upon the previous trial, was offered in evidence upon the rehearing and the additional evidence presented consisted of interrogatories covering the transaction, testimony concerning which the Appellate Division, in its opinion, stated should have been admitted in evidence upon the first trial. The additional evidence has not altered my view of the issue involved. The theory upon which this Cuban episode was introduced into the trial was that respondent was guilty of a dishonest transaction in connection with decedent's real property in Cuba, ergo, he must have been guilty of dishonesty in connection with said bonds. Unexplained, the sale by Dowsey to Stanton and by the latter to a third party for a much larger consideration strongly savors of dishonesty especially in view of the law of that country requiring the exact consideration of such a transaction to be stated in the deed. But, as above stated, Dowsey and Stanton are dead and the record lacks whatever explanation they might make if living. So, the conclusion is not inevitable that they there joined hands in a scheme to gain profit at the expense of decedent; other and further evidence is necessary. In any event, I find no reason on the whole record to change the conclusion reached in the first trial that decedent made a gift of the bonds in question to the respondent. Submit order on notice accordingly.