In the Matter of the Application of FRANCIS MERRILL, as Executor, and the AMERICAN TRUST COMPANY, as Administrator c. t. a., of the Last Will and Testament of ANGIE M. BOOTH, Deceased.

First Department, November 23, 1928.

*Edward M. Grout*, for the motion.

*Benjamin Pepper*, opposed.

PER CURIAM. The respondent asks that the order be resettled so as to reverse specified findings of fact made by the surrogate and to insert a new finding in lieu thereof.

The trial having been before the surrogate without a jury, the surrogate was required to file a decision in writing, directing the decree to be entered, but which need not contain either findings of fact or conclusions of law, and no party after the close of the trial had a right to request a finding upon any question of fact or a ruling upon a question of law. On appeal, such a decree would have the same effect as the general verdict of a jury. (Surrogate's Court Act, § 71.)

In this case there was no paper denominated a decision. The opinion, however, stated: " I find no reason on the whole record to change the conclusion reached in the first trial that decedent made a gift of the bonds in question to the respondent. Submit order on notice accordingly." (130 Misc. 332.) This was the equivalent of a decision in writing directing that a decree be entered dismissing the petition. The decree entered pursuant to this direction contained in its recitals certain findings of fact and conclusions of law.

A decree entered upon a decision without findings of fact or conclusions of law having the same effect on appeal as the general verdict of a jury, it was necessary under section 1338 of the Code of Civil Procedure, upon reversal for this court to specify in its order the particular facts reversed. That requirement in such a case is now abolished. (Civ. Prac. Act, § 602.) When, however, the surrogate in his decision or,.as here, in the decree, does state facts and conclusions of law upon which the decree is made, it may be said that in such a case the appeal is in effect the same as one from a judgment entered on a general verdict with special findings. Upon reversal of such a judgment it is required (Civ. Prac. Act, § 602) that the order shall specify the particular question or questions of fact upon which the reversal is made; otherwise, on appeal therefrom to the Court of Appeals it will be conclusively presumed. that the reversal was not upon the facts, but upon the law only, the facts having been examined and found satisfactory.

The reversal having been upon the facts and the law, the order of this court is resettled so as to specify by adequate designation in the body of the order the particular questions of fact upon which the reversal was made. As, however, no party has the

right, after the close of the trial, to request a finding upon any question of fact (Surrogate's Court Act, § 71), no new findings are made in place of those reversed.

To the extent indicated, the motion is granted. The resettled order enteied is in accordance with this memorandum.

Present — Dowling, P. J., Merrell, Martin, O'Malley and Proskauer, JJ.

Motion granted.