In the Matter of the Application of FRANCIS MERRILL, as Executor, etc., of ANGIE M. BOOTH, Deceased, and Another, Appellants, for an Order Directing an Inquiry of Certain Personal Property Belonging to the Deceased.

GRACE STANTON, as Executrix, etc., of WALTER STANTON, Deceased, Respondent.*

First Department, November 2, 1928.

*Arthur F. Driscoll* of counsel [*Frederick J. Moses, Dennis F. O'Brien* and *Benjamin Pepper* with him on the brief; *Frederick J. Moses* and *O'Brien, Malevinsky & Driscoll*, attorneys], for the appellants.

*Edward M. Grout* of counsel [*Charles E. McMahon* and *Dean Potter* with him on the brief; *Edward M. Grout & Paul Grout*, attorneys], for the respondent.

PER CURIAM. This proceeding, instituted under section 205 of the Surrogate's Court Act (as amd. by Laws of 1923, chap. 273; since amd. by Laws of 1924, chap. 100), is for the discovery of $771,400 worth of the bonds of the city of Havana, Cuba, which the respondent's testator claimed to have received from the testatrix, Angie M. Booth, by deed of gift. The question involved upon this appeal is as to the validity of the alleged gift whereby it is claimed the said testatrix divested herself of title to said bonds. The trial before the surrogate resulting in the decree appealed from is the second trial of the issues. On the first trial, as in the last, the surrogate dismissed the petition. On appeal this court unanimously reversed the surrogate's former decree on the ground that error had been committed in excluding evidence of other similar transactions between the testatrix and the transferee offered by the petitioners to establish fraud in the transfer of the bonds in suit. The validity of the alleged gift of the bonds depended wholly upon the testimony of Dr. George H. Dowsey, who claimed to hold a power of attorney from the testatrix and who was her personal physician, and Walter Stanton, respondent's testator, both of whom testified at the former trial in support of the alleged gift. Prior to the retrial both Stanton, the transferee, and Dowsey, who were charged with conspiring to defraud the testatrix, died. Upon the last trial the record of the former trial was introduced in evidence, together with proof concerning two other transactions whereby it was claimed that Dowsey and Stanton had defrauded the testatrix. Evidence was presented by the petitioners at the last trial abundantly proving that, in the two other transactions occurring at about the same time as that here under attack, Dowsey and Stanton had relieved the testatrix of valuable properties without consideration and to their own enrichment. Notwithstanding such cogent evidence of concurrent wrongdoing on the part of those active in obtaining from the testatrix the bonds in suit, and notwithstanding the only testimony upon which the respondent sought to justify the alleged gift was that of Dowsey and Stanton given on the former trial, the surrogate adhered to his original decision and denied the petitioners the relief sought. On the former appeal

this court pointed out, citing numerous authorities and quoting liberally therefrom, that the burden of proof was on the respondent asserting the gift of the bonds in question from the testatrix to show that the transaction whereby the alleged transferee obtained said bonds was fair and free from any improper influence, and that in view of the fiduciary relationship between the testatrix and the transferee such evidence must be clear, convincing and satisfactory. (*Matter of Booth*, 215 App. Div. 516.)

An examination of the record before us upon this appeal leaves no doubt in our minds that the pretended deed of gift and release claimed to have been executed by the testatrix and intended by the respondent to effectuate a transfer of the claim against the city of Havana and the bonds sought in this proceeding, were fraudulent and were obtained by the respondent's testator and his confederate, Dowsey, from the testatrix, an aged woman without business experience, without any consideration whatever and without any rational appreciation on her part of the purport of her act in making the alleged gift. Not alone did the respondent fail to bear the burden of showing by fair, convincing and satisfactory proof that the pretended gift of the bonds in suit was the free, unrestrained and voluntary act of the testatrix, made with intelligent appreciation of what she was doing and free from any fraud perpetrated upon her, but the evidence is overwhelming that the respondent's testator and Dowsey, the family physician and confidant of the testatrix, conspired to defraud this confiding old lady of her property and, without rendering any real service, to enrich themselves at her expense. That they were successful in their efforts and received, besides the bonds in suit, many thousands of dollars of the old lady's money without the slightest benefit to her, the record before us furnishes indisputable proof.

The decree of the surrogate appealed from should be reversed, with costs, and the proceeding remitted to the Surrogate's Court for the entry of a decree vacating and setting aside the pretended gift of the bonds in suit, and directing that the same be delivered by the respondent to the petitioners, as the personal representatives of the testatrix, and that the appellants recover of the respondent the costs of the proceeding in the Surrogate's Court and upon this appeal.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and PROSKAUER, JJ.

Decree reversed, with costs, and the matter remitted to the Surrogate's Court in accordance with opinion.