GABRIEL DELAURENT, as Administrator, etc., of EDWARD A. DELAURENT, Deceased, Appellant, *v.* EMMA BUDD TOWNSEND, Respondent, Impleaded with EMPIRE SAFE DEPOSIT COMPANY, Defendant.

First Department, November 27, 1925.

Gifts — action to replevy goods — defense that goods were given to defendant by plaintiff's intestate — evidence establishes complete gift — witnesses — respondent was examined in discovery proceedings in Surrogate's Court by plaintiff as to location of property and respondent's claim of title — respondent not barred in this action by Civil Practice Act, § 347, from testifying in her own behalf concerning transactions with intestate.

In an action of replevin to recover certain goods claimed to be the property of plaintiff's intestate, the defense that the property was given to the respondent by plaintiff's intestate is sustained by evidence which shows both the delivery of the property to her with intent to effectuate the gift, and delivery to her of letters signed or written by the intestate which indicate his desire to strengthen

the proof of the gift.  This evidence is not overcome by proof that as to certain bonds included within the gift, the intestate had presented coupons cut therefrom and that on certain occasions he had worn articles of jewelry previously given to the respondent.

The respondent was not barred by section 347 of the Civil Practice Act from testifying as to transactions between herself and the intestate, since it appears that she was examined in discovery proceedings in the Surrogate's Court by the plaintiff as to the location of the property in question and as to her claim of title thereto.

APPEAL by the plaintiff, Gabriel deLaurent, as administrator, etc., from a judgment of the Supreme Court, in favor of the respondent, entered in the office of the clerk of the county of New York on the 19th day of December, 1924, upon the verdict of a jury rendered by direction of the court in an action of replevin, and also from an order entered in said clerk's office on the 30th day of December, 1924, denying plaintiff's motion for a new trial made upon the minutes.

*Steinberg & · Levin* [*Louis H. Levin* of counsel; *Joseph Steinberg* with him on the brief], for the appellant.

*Edward A. Kenney* [*Leonard Acker* with him on the brief], for the respondent.

McAVOY, J.:

The only issue involved at the trial of this cause was whether or not title to the property claimed by the plaintiff had passed to the defendant Emma Budd Townsend prior to the death of Edward A. deLaurent, of whose estate the plaintiff herein was administrator.  The claim of defendant was that the property had been given to her by the decedent, and the evidence showed both the delivery of the property to her with intent to effectuate the gift, and, in addition, delivery to her of letters signed or written by the decedent which indicated his desire to strengthen the proof in defendant's hands of the gifts he had made to her.  The evidence on the part of the administrator showed that the decedent had originally purchased the property involved, and that after the date of the gift of certain bonds, part of the gift here contested, to this defendant, he had presented coupons therefrom and had cashed them, and that on some occasions he had worn one of the articles of jewelry which he had presented to defendant.

The decedent died on March 9, 1922, and it is asserted by the administrator that at decedent's death he was the owner and entitled to the possession of the property, and that the property was wrongfully taken by said defendant from the possession of the decedent at or about the time of his death and is wrongfully detained by said defendant.

The amended answer denies these allegations of the complaint as to ownership and right of possession, and sets forth defenses alleging ownership of the property through the gifts described and delivery to defendant of the property by decedent as consideration for services rendered by her to him.

The trial court directed a verdict in favor of this defendant after the entire case was heard, and no exception was taken by the plaintiff to the court's direction.

We think that a complete gift was established in this case by the testimony of the defendant's daughter and the documentary exhibits received in proof. Defendant testified in her own behalf, too, but the proof here would entitle the defendant to a direction of a verdict even without the support of her own testimony. There was nothing adduced by the appellant to contradict this proof of the gifts made by the decedent to the defendant.

We also conclude that there was no error in permitting the defendant to testify as to her transactions with the deceased donor, as it is obvious that the plaintiff had opened the door by examining her in discovery proceedings in the Surrogate's Court. Prior to the trial of this action the defendant had been summoned to appear in such discovery proceedings in the Surrogate's Court on application of the administrator, plaintiff here. She was there examined as to her possession of the very property about which she testified at this trial. It was conceded that the plaintiff, administrator, had examined the defendant donee in the discovery proceedings and had questioned her about the property which is the subject-matter of this action for the purpose of discovering the whereabouts of the property and under what claim of title it was held. The defendant contends that this examination of the defendant by the plaintiff in the Surrogate's Court removed the statutory bar excluding such testimony, so that she might thereafter testify as to transactions she had had with the decedent in any future litigation relating to the subject-matter of that examination.

The general rule is that when a party is examined by an administrator or other representative of a deceased person as to any transaction with the decedent, the inhibition contained in section 347 of the Civil Practice Act is no longer effective and such party is thereafter permitted to testify as to such transactions. There is no question but that if a party was examined in the Surrogate's Court by the executor or administrator as to some transactions with the deceased, and thereafter introduced such testimony in a Supreme Court action, the executor or administrator could not exclude the testimony of the other party in his own behalf as to such personal transactions with a decedent.

The appellant urges that, because of a change in the Surrogate's Court Act, the evidence of Mrs. Townsend, which before the year 1914 would have been admissible, is no longer receivable in evidence. The point he makes is that before the year 1914 section 2709 of the Code of Civil Procedure specifically provided that where a witness was examined in discovery proceedings, all objections under section 829 of the Code of Civil Procedure (present section 347 of the Civil Practice Act) to his testimony as to the same transaction in future litigation were waived. When this section was re-enacted as section 2676 of the Code of Civil Procedure by chapter 443 of the Laws of 1914 and subsequently became section 206 of the present Surrogate's Court Act, this provision to the effect that objection to the testimony of the party examined is deemed to be waived in future litigation was elided. This change in the Surrogate's Court Act, however, is not necessarily to be construed as repealing the principle of law upon which that omitted portion was founded. The change seems more likely to have been made because prior to September 1, 1914, trial of title in a discovery proceeding did not exist in the Surrogate's Court without consent of the parties. (Code Civ. Proc. as existent in 1913 and up to September 1, 1914, §§ 2709, 2710, as amd. by Laws of 1903, chap. 526.) Since the issue of title could not be tried in the surrogate's discovery proceeding, the Code provided that an interested witness might testify in future litigation as to personal transactions with a deceased person as to which he had been examined in the surrogate's proceeding, thus giving him opportunity to defend his title concerning which he had already been examined by the adverse claimant. The present Surrogate's Court Act, however, has been altered in respect of the right to try title in a discovery proceeding, and an administrator or executor may try the question of title in the Surrogate's Court, and the surrogate may decide the dispute between the parties. (Surrogate's Court Act, § 206, as amd. by Laws of 1924, chap. 100.) There is now no need for a specific provision as to such testimony in future litigation, because future litigation was apparently not contemplated by the legislative draftsman in view of this right of trial of title in the discovery proceeding itself. Mrs. Townsend could have testified in her own behalf in the Surrogate's Court if the title to the property had been the subject of a trial there. She should not be deprived of this right, the door being there opened, by a transfer of the theatre of conflict to the common-law court.

The judgment and order should be affirmed, with costs.

Clarke, P. J., Dowling, Merrell and Burr, JJ., concur.

Judgment and order affirmed, with costs.