In the Matter of the Application of FRANCIS MERRILL, as Executor, etc., and the AMERICAN TRUST COMPANY, as Administrator c. t. a. of the Last Will and Testament of ANGIE M. BOOTH, Deceased, Appellants, for an Order Directing an Inquiry of Certain Personal Property Belonging to the Deceased.

WALTER STANTON, Respondent.

First Department, February 5, 1926.

Surrogate's Court — jurisdiction — Surrogate's Court has, under Surrogate's Court Act, § 40, jurisdiction of proceeding to compel discovery of property of testatrix and return of same — executor contends that transfers to respondent were invalid because of fraud — error to reject evidence of other transactions between testatrix and transferee — executor by examination of parties concerning gift waived protection of Civil Practice Act, § 347 — burden of proof is on respondent asserting gift and evidence must be clear.

The Surrogate's Court has jurisdiction under section 40 of the Surrogate's Court Act of a proceeding to compel the discovery of property of the testatrix alleged to be in the possession of a third person and to compel the return thereof.

Since the executor in this proceeding contends that the transfer of certain bonds to the respondent by the testatrix was the result of fraud, it was error for the court to reject evidence of other similar transactions between the testatrix and the transferee offered for the purpose of establishing fraud.

When the executor examined the parties who asserted that the bonds were given to them by the testatrix, concerning the transaction culminating in the alleged gift, he thereby waived the protection of section 347 of the Civil Practice Act,

and the respondent had the right to testify concerning said transactions with the testatrix.

The burden of proof is on the respondent asserting a gift of the bonds in question from the testatrix, and in view of the relationship between the testatrix and the transferee, the evidence must be clear, convincing and satisfactory.

APPEAL by Francis Merrill, as executor, etc., and another, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 10th day of September, 1924, dismissing their petition and taxing costs against them in the sum of $952.30, in a proceeding begun under section 205 of the Surrogate's Court Act, entitled " Proceedings to discover property withheld," and section 206 entitled " Trial and decree."

*Frederick J. Moses* and *O'Brien, Malevinsky & Driscoll [Arthur F. Driscoll* of counsel; *Frederick J. Moses* with him on the brief], for the appellants.

*George B. Hayes* [*Charles E. McMahon* of counsel], for the respondent.

MARTIN, J.    The petitioners appeal from a decree of the Surrogate's Court dismissing their petition filed in October, 1923, in a discovery proceeding.    The personal representatives of Angie M. Booth seek to compel the respondent to deliver to them certain bonds and to set aside instruments under which respondent asserts that he is entitled to the same.

It is contended that the Surrogate's Court is without jurisdiction to hear and determine this proceeding.    In *Matter of Mondshain* (186 App. Div. 528) it was held that the Surrogate's Court did not have such jurisdiction; that the surrogate did not have power to set " aside a general release   *   *   *   upon the ground of fraud."

Thereafter, by chapter 439 of the Laws of 1921, section 40 of the Surrogate's Court Act was amended and superseded section 2510 of the Code of Civil Procedure (as amd. by Laws of 1914, chap. 443), which was in force when *Matter of Mondshain* (*supra*) was decided.    As thus enacted and as thereafter amended (Laws of 1924, chap. 100) said section 40 of the Surrogate's Court Act now provides:

" § 40. General Jurisdiction of Surrogate's Court.   *   *   *

" To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to

any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires.

" In addition to and without limitation or restriction on the foregoing powers, each surrogate or Surrogate's Court shall have power, in the cases and in the manner prescribed by statute: \* \* \*

" 4. To enforce the payment of debts and legacies; the distribution of the estates of decedents; and the payment or delivery, by executors, administrators, and testamentary trustees, of money or other property in their possession, belonging to the estate or fund. To enforce against a respondent the delivery of personal property, or the payment of the proceeds or value of personal property belonging to or withheld from an estate." The last sentence was inserted by chapter 100 of the Laws of 1924, which took effect on September 1, 1924.

While equitable jurisdiction has been so conferred on the Surrogate's Court its decree is to be limited to the delivery of specific property. (*Matter of Cofer*, 121 Misc. 292.)

Henry P. Booth, the husband of the decedent advanced money to public service corporations in Havana, Cuba, taking assignments of claims of such corporations against the city of Havana. During his lifetime he succeeded in collecting but a small amount and the ownership of these claims passed on his death to his widow, Angie M. Booth, the above-named decedent. In connection with attempts to collect these claims, Mrs. Booth made a lawyer and her physician attorneys-in-fact. With them there were made several agreements as to compensation.

Proceedings were begun against the city of Havana and a judgment which had been obtained was reversed, apparently rendering invalid bonds issued by the city of Havana in payment of the claims, which bonds it is asserted are without value. Although the bonds may be invalid, the claim remains. It is these bonds which the personal representatives of the decedent seek to recover.

On the trial before the surrogate the appellants endeavored to offer testimony relating to other transactions between the lawyer and doctor and decedent. This was rejected and as we believe erroneously.

In *Ettlinger* v. *Weil* (94 App. Div. 291, 296) the court said: " Whenever a transaction is assailed as fraudulent, evidence is admissible of other and contemporaneous transactions of a similar fraudulent nature for the purpose of showing intent. (*Hall* v. *Naylor*, 18 N. Y. 588; *Miller* v. *Barber*, 66 id. 558; *Spaulding* v. *Keyes*, 125 id. 113; *Boyd* v. *Boyd*, 164 id. 234.) The French lease was mentioned in the agreement and was produced and initialed

at the time the agreement was executed. That a false representation was made as to that was some evidence bearing upon the question of whether the defendants intended to deceive the plaintiff in stating what they did as to the Carroll rent. The reason why evidence of this character is admissible in an action for fraud is stated in *Hall* v. *Naylor (supra).* There the court said: ' On the trial of such an issue the *quo animo* of the transaction is the fact to be arrived at, and it is, therefore, competent to show that the party accused was engaged in other similar frauds at or about the same time. The transactions must be so connected in point of time, and so similar in their other relations that the same motive may reasonably be imputed to them all. * * * It is not necessary, however, that the means of accomplishing each fraud should be the same.' " (See, also, *Doheny* v. *Lacy,* 168 N. Y. 213, 222; *Baldwin* v. *Short,* 125 id. 553, 559; *Boyd* v. *Boyd,* 164 id. 234, 242; *Beuerlien* v. *O'Leary,* 149 id. 33, 38, 39; *Converse* v. *Sickles,* 16 App. Div. 49, 52.)

There is also a question raised as to whether the personal representatives by an examination of the parties asserting a gift waived their right under section 347 of the Civil Practice Act to object to other testimony by these witnesses. This matter was recently passed upon in a discovery proceeding by this court. In *DeLaurent* v. *Townsend* (214 App. Div. 493) Mr. Justice McAvoy writing for this court said:

" We also conclude that there was no error in permitting the defendant to testify as to her transactions with the deceased donor, as it is obvious that the plaintiff had opened the door by examining her in discovery proceedings in the Surrogate's Court. Prior to the trial of this action the defendant had been summoned to appear in such discovery proceedings in the Surrogate's Court on application of the administrator, plaintiff here. She was there examined as to her possession of the very property about which she testified at this trial. It was conceded that the plaintiff, administrator, had examined the defendant donee in the discovery proceedings and had questioned her about the property which is the subject-matter of this action for the purpose of discovering the whereabouts of the property and under what claim of title it was held. The defendant contends that this examination of the defendant by the plaintiff in the Surrogate's Court removed the statutory bar excluding such testimony, so that she might thereafter testify as to transactions she had had with the decedent in any future litigation relating to the subject-matter of that examination.

" The general rule is that when a party is examined by an administrator or other representative of a deceased person as to any trans-

action with the decedent, the inhibition contained in section 347 of the Civil Practice Act is no longer effective and such party is thereafter permitted to testify as to such transactions. There is no question but that if a party was examined in the Surrogate's Court by the executor or administrator as to some transactions with the deceased, and thereafter introduced such testimony in a Supreme Court action, the executor or administrator could not exclude the testimony of the other party in his own behalf as to such personal transactions with a decedent.

" The appellant urges that, because of a change in the Surrogate's Court Act, the evidence of Mrs. Townsend, which before the year 1914 would have been admissible, is no longer receivable in evidence. The point he makes is that before the year 1914 section 2709 of the Code of Civil Procedure specifically provided that where a witness was examined in discovery proceedings, all objections under section 829 of the Code of Civil Procedure (present section 347 of the Civil Practice Act) to his testimony as to the same transaction in future litigation were waived. When this section was re-enacted as section 2676 of the Code of Civil Procedure by chapter 443 of the Laws of 1914 and subsequently became section 206 of the present Surrogate's Court Act, this provision to the effect that objection to the testimony of the party examined is deemed to be waived in future litigation was elided. This change in the Surrogate's Court Act, however, is not necessarily to be construed as repealing the principle of law upon which that omitted portion was founded. The change seems more likely to have been made because prior to September 1, 1914, trial of title in a discovery proceeding did not exist in the Surrogate's Court without consent of the parties. (Code Civ. Proc. as existent in 1913 and up to September 1, 1914, §§ 2709, 2710, as amd. by Laws of 1903, chap. 526.) Since the issue of title could not be tried in the surrogate's discovery proceeding, the Code provided that an interested witness might testify in future litigation as to personal transactions with a deceased person as to which he had been examined in the surrogate's proceeding, thus giving him opportunity to defend his title concerning which he had already been examined by the adverse claimant. The present Surrogate's Court Act, however, has been altered in respect of the right to try title in a discovery proceeding, and an administrator or executor may try the question of title in the Surrogate's Court, and the surrogate may decide the dispute between the parties. (Surrogate's Court Act, § 206, as amd. by Laws of 1924, chap. 100.) There is now no need for a specific provision as to such testimony in future litigation, because future litigation was apparently not contemplated by the

legislative draftsman in view of this right of trial of title in the discovery proceeding itself. Mrs. Townsend could have testified in her own behalf in the Surrogate's Court if the title to the property had been the subject of a trial there. She should not be deprived of this right, the door being there opened, by a transfer of the theatre of conflict to the common-law court."

In a discovery proceeding the burden of proof is upon a respondent who sets up a gift. (*Matter of Housman*, 224 N. Y. 525; *Matter of Canfield*, 176 App. Div. 554; *Matter of Humphrey*, 183 N. Y. Supp. 133.)

Proof of a gift must be clear, convincing and satisfactory (*Matter of Van Alstyne*, 207 N. Y. 298, 306; *Ward* v. *N. Y. Life Ins. Co.*, 225 id. 314; *Matter of Sherman*, 227 id. 350), especially in view of the relationship here established.

In *Ross* v. *Ross* (6 Hun, 80) the court said: "A court of equity interposes its benign jurisdiction to set aside instruments executed between persons standing in relations of parent and child, guardian and ward, physician and patient, solicitor and client, and in various other relations in which one party is so situate as to exercise a controlling influence over the will and conduct and interests of another; and this power will be exercised unless the instrument is satisfactorily shown to be fair and free from improper influence by the party seeking its benefit, the burden of which rest upon him. (*Mason* v. *Ring*, 2 Abb. Pr. [N. S.] 322; *Sears* v. *Shafer*, 6 N. Y. 268; *Comstock* v. *Comstock*, 57 Barb. 453; *Evans* v. *Ellis*, 5 Den. 640; *Howell* v. *Ransom*, 11 Paige, 538; *Brock* v. *Barnes, Exr.*, 40 Barb. 521; Story's Eq. Jur. §§ 309 to 315.) The appellant has failed to overcome the presumption against the validity of the receipt, and the case presents a valuable illustration of the soundness and integrity of the rule by which that paper is disarmed of effect."

A very apt illustration of the law governing this subject will be found in *Cowee* v. *Cornell* (75 N. Y. 91, 99, 100) where the court said:

"Whenever, however, the relations between the contracting parties appear to be of such a character as to render it certain that they do not deal on terms of equality but that either on the one side from superior knowledge of the matter derived from a fiduciary relation, or from overmastering influence, or on the other from weakness, dependence, or trust justifiably reposed, unfair advantage in a transaction is rendered probable, there the burden is shifted, the transaction is presumed void, and it is incumbent upon the stronger party to show affirmatively that no deception was practiced, no undue influence was used, and that all was fair,

open, voluntary and well understood. This doctrine is well settled. (HUNT, J., *Nesbit* v. *Lockman*, 34 N. Y. 167; Story's Eq. Jur. § 311; *Sears* v. *Shafer*, 2 Seld. [6 N. Y.] 268; *Huguenin* v. *Baseley*, 13 Ves. 105; S. C., 14 id. 273; S. C., 15 id. 180; *Wright* v. *Proud*, 13 id. 138; *Harris* v. *Tremenheere*, 15 id. 40; *Edwards* v. *Meyrick*, 2 Hare, 60; *Hunter* v. *Atkins*, 3 My. & K. 113.) And this is I think the extent to which the well considered cases go, and is the scope of ' constructive fraud.'

" The principle referred to it must be remembered is distinct from that absolutely forbidding a purchase by a trustee or agent for his own benefit of the subject of a trust, and charging it when so purchased with the trust. That amounts to an incapacity in the fiduciary to purchase of himself. He cannot act for himself at all however fairly or innocently in any dealing as to which he has duties as trustee or agent. The reason of this rule is subjective. It removes from the trustee, with the power, all temptation to commit any breach of trust for his own benefit. But the principle with which we are now concerned does not absolutely forbid the dealing, but it presumes it unfair and fraudulent unless the contrary is affirmatively shown.

" This doctrine, as has been said, is well settled but there is often great difficulty in applying it to particular cases.

" The law presumes in the case of guardian and ward, trustee and *cestui que trust*, attorney and client, and perhaps physician and patient, from the relation of the parties itself that their situation is unequal and of the character I have defined; and that relation appearing itself throws the burden upon the trustee, guardian or attorney of showing the fairness of his dealings."

On a rehearing the court will be in a better position to decide, from all the evidence, whether the release and transfers were free from undue influence or other invalidating circumstances.

We have reached the conclusion that the order should be reversed and the matter remitted to the Surrogate's Court for a further hearing, with costs to the appellants to abide the event.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Order reversed and proceeding remitted to the Surrogate's Court for further hearing, with costs to the appellants to abide the event.