In the Matter of the Accounting of HILDA O. SEIGLE et al., as Executors of WILLIAM R. SEIGLE, Deceased.

ELIZABETH S. SEIGLE, Appellant.

HILDA O. SEIGLE et al., as Executors et al., Respondents.

Submitted October 7, 1942; decided December 3, 1942.

*Richard H. Brown* and *Irving Goldberg* for appellant. The executors failed to sustain the burden of proving payment of the note. (*International Motor Co.* v. *Palmer*, 92 Misc. Rep. 214; *Orange County Trust Co.* v. *Miller*, 149 App. Div. 292; 208 N. Y. 619; *Hock* v. *Bernstein*, 164 N. Y. Supp. 113; *Lynch* v. *Lyons*, 131 App. Div. 120.)

*Charles A. Voss* for respondents. The presumption of payment of the note was sustained. (*Nay* v. *Curley*, 113 N. Y. 575; *Lynch* v. *Lyons*, 131 App. Div. 120.)

CONWAY, J. The claimant, the former wife of the deceased, from whom she had been divorced at the time of his death, has presented a claim in the sum of $7,500, evidenced by a promissory note in that amount. A separation agreement, antedating the divorce, provided that the deceased was to pay to the claimant the sum of $150,000 at the rate of $15,000 in each year. The yearly installments were to be paid in eight payments of $1,875 each on the first days of eight specified months. In the event that her husband died within the ten-year period, the claimant was to receive from his estate the balance of the $150,000 then unpaid. At the time of his death there had been paid to claimant under the separation agreement the sum of $73,125. The balance of $76,875 with interest has been paid by his executors.

Upon the promissory note in claimant's possession there is no minute of payment of principal or interest. The note was dated May 29, 1936, was payable on demand and was executed more than two years after the execution of the separation agreement on February 12, 1934. The decedent died on December 26, 1938.

The claimant introduced in evidence the promissory note and rested. There then arose the presumption that the claimant was the owner of the note and that it was unpaid.

The executors then offered in evidence six checks of decedent totalling the sum of $7,500. Except by their production, their dates and the amounts, there was no proof that they were, in anywise, related to the note. It is conceded by counsel that the claimant received payment of those checks.

The executors then offered in evidence the separation agreement and, upon their request, counsel for claimant conceded that certain checks of the face amount of $1,875 had been paid to claimant by decedent on account of payments required by the agreement. Counsel for claimant further conceded that the payments under the agreement were made regularly up to the time of decedent's death and totalled $73,125. The executors then produced forty-four checks paid to claimant. Of those forty-four checks thirty-two were for $1,875 each, making a total of $60,000. The remaining twelve checks were in varying amounts. The total for the forty-four checks was $72,661.81. That was $463.19 less than the amount conceded to have been paid under the separation agreement. The claimant conceded that the payments of the six checks aggregating $7,500 represented payments other than those under the separation agreement.

To recapitulate then, the claimant had rested upon the promissory note and the presumption of non-payment. The executors had proved the payment by checks of $1,875 each of the sum of $60,000 under the separation agreement. The executors had proved the payment to claimant of checks totalling $7,500 which claimant conceded represented payments other than those due under the separation agreement. That left twelve checks produced by the executors, in varying amounts, totalling $12,661.81. As to those checks no proof, other than their production, was offered by the executors that they represented payments made under the separation agreement. No proof was offered by the executors that the checks produced were the only ones payable to claimant by decedent then in their possession.

The record discloses therefore three sets of checks: *first*, those for $1,875 each which concededly were payments under the separation

agreement. *Second,* six checks totalling $7,500, concededly for some transaction or transactions between claimant and decedent other than that involved in the separation agreement. *Third,* twelve checks in varying amounts totalling $12,661.81. Finally, no proof was offered that the executors were not in possession of other checks payable by decedent to claimant.

The claimant sought to prove by oral testimony that the six checks totalling $7,500 were given by decedent for a purpose other than the payment of the note. Such testimony was correctly excluded upon objection, as violative of the Civil Practice Act, section 347.

The Surrogate rejected the claim, drawing the inference that the twelve checks totalling $12,661.81 were all payments under the separation agreement. The sole question presented is whether that inference was permissible under the facts as related. We think it was not. We think that on the contrary an inference was required, because of the then state of the record, that there were other transactions between claimant and decedent. If that be so then on all the facts presented there was a failure of proof of payment of the note.

It is true that there is a presumption that the checks totalling $7,500 were on account of an existing debt and a further presumption that there were no other dealings between the parties upon which such payments might have been made since the giving of the promissory note was *prima facie* evidence of an accounting and settlement of all demands between the parties up to the date of the note. (*Matter of Callister,* 153 N. Y. 294; *Lynch* v. *Lyons,* 131 App. Div. 120; *Nay* v. *Curley,* 113 N. Y. 575.) But that presumption only continued until the separation agreement and thirty-two checks for $1,875 each given thereunder were offered by the executors. Then there was evidence of another transaction. When in addition the twelve checks were introduced by the executors in amounts as follows: $1,500, $352, $1,675, $1,725, $500, $1,445.06, $175, $500, $1,241.35, $700, $1,375, $1,473.40, two of which had been given prior to the date of the note and ten thereafter, there was proof that compelled an inference that there were still other transactions between the parties than those evidenced by the note and separation agreement. That was confirmed when the executors

offered no proof that they had produced all the checks in their possession which had passed between decedent and claimant.

A presumption that there is but one transaction between parties, yields to proof that there were two. Proof then of checks admittedly not connected with the first transaction and not established to have been related to the second certainly raised no presumption that there were only two transactions but on the contrary then required an inference that there were more than two. That required the executors, on their own proof, to go forward with evidence to show that there were but two transactions. That burden was not met and there was, therefore, but one presumption remaining in the proceeding, *viz.*, that the claimant was the owner of an unpaid promissory note.

The situation disclosed may present difficulty for the executors in this instance but it must be remembered that we are laying down general rules. Promissory notes are important commercial instruments and men may save their executors these difficulties by seeing to it that indorsements of payments are minuted and that the notes are cancelled when paid.

Order of the Appellate Division and decree of the Surrogate's Court in so far as appealed from should be reversed and the matter remitted to the Surrogate's Court for action in accordance with this opinion, with costs to the appellant payable out of the estate to abide the event.

LEWIS, J. (dissenting). I agree with the opinion by Judge CONWAY to the extent that it approves the ruling by the Surrogate which rejected, under the prohibition of section 347 of the Civil Practice Act, the offer of oral testimony by the appellant to prove that the six checks totaling $7,500, given to her by the decedent, were for a purpose other than payment of the note which is the basis of her present claim.

I dissent, however, from the view of the majority that upon the record before us the Surrogate was not justified in finding that the note of $7,500, made by the decedent and now held by the appellant as payee, has been paid. It impresses me that the majority opinion disregards the rule which limits the scope of our present inquiry on that branch of the case to the question whether there was any evidence from which the Surrogate could find that

payment of the note had been made. (*City of New York* v. *Wilson & Co.*, 278 N. Y. 86, 92.) Upon that phase of the problem the respondents-executors introduced in evidence six checks of amounts totaling $7,500. The appellant conceded that the proceeds of those six checks were credited to her personal account and that such checks were not received as payments to her by the decedent under their separation agreement but were payments in addition to those due thereunder. These conceded facts, with inferences fairly to be drawn from them, afforded a sufficient basis for the finding by the Surrogate, which has been approved by the Appellate Division, that the note of $7,500 had been paid.

The inference of payment of the $7,500 note which might have been drawn from the conceded facts mentioned above, is not a certainty — it is not uncontrovertible. But the inference to be drawn from those conceded facts was for the Surrogate, as trier of the facts, who found that the six checks in amounts totalling $7,500 delivered to the appellant were in payment of the note here in controversy. " * * * when the process is to be had at a trial of ascertaining whether one fact had being, from the existence of another fact, it is for the jury to go through with that process." (*Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622, 623; *Justice* v. *Lang*, 52 N. Y. 323, 327–331.) It is that rule which prompted this court to approve the statement by CROUCH, J., that —" Inference is never certainty, but it may be plain enough to justify a finding of fact." (*Tortora* v. *State of New York*, 269 N. Y. 167, 170.)

There being some evidence to support the finding of the Surrogate that the decedent had paid the note which is now the basis of the appellant's claim against his estate, I dissent and vote to affirm the order of the Appellate Division.

LOUGHRAN, FINCH and RIPPEY, JJ., concur with CONWAY, J., LEWIS, J., dissents in opinion in which LEHMAN, Ch. J., and DESMOND, J., concur.

Ordered accordingly.