**TROUNSTINE et al. v. BAUER, POGUE & CO., Inc., et al.**

No. 371.

Circuit Court of Appeals, Second Circuit.

Aug. 1, 1944.

Writ of Certiorari Denied Nov. 20, 1944.

See 65 S.Ct. 190.

Joseph Rilarider, of New York City (Edgar J. Bernheimer, Sidney Rosenbaum, and Sydney J. Schwartz, all of New York City, of counsel), for plaintiff, appellant and appellee.

Benjamin P. DeWitt, of New York City (Benjamin P. DeWitt and Sidney Pepper, both of New York City, of counsel), for defendants, appellants and appellees.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This appeal brings up for review the final decree in a suit for an accounting between parties to a joint adventure relating to the disposal of certain shares of stock of Fidelio Brewery, Inc. The plaintiff is the executrix of Norman S. Goldberger, deceased, who in 1933 owned a large block of Fidelio stock. The defendants are Bauer, Pogue & Co., Inc., a corporation organized under the laws of Delaware to deal in securities, and Frederick R. Bauer. Bauer together with one Davenport Pogue, now dead, owned all the stock and directed and controlled the business activities of Bauer, Pogue & Co., Inc. In June of 1933 Goldberger and Bauer, Pogue & Co., Inc. entered into an agreement to maintain a joint trading account in Fidelio stock; the shares to be disposed of were to be contributed ratably by the parties, and the account was to be managed by the corporation which was to receive 20 per cent. of the profits for its services. One Tribble was later admitted as a party to the joint adventure. The joint account was maintained for about two months; on September 11, 1933, Bauer, Pogue & Co., Inc. delivered statements of account to Goldberger and Tribble and purported to distribute the proceeds of the venture.

Goldberger died in 1936. In June 1939 the executrix commenced the present action in the Supreme Court of New York. It was removed to the federal court on the ground of diverse citizenship. The amended complaint alleged two causes of action: one based on an oral agreement alleged to have been made on or about June 8, 1933, the other based on an alleged written agreement dated June 9, 1933, the terms of both agreements being substantially the same. The defendants' answers admitted the existence of a joint trading account in Fidelio stock but asserted that it did not commence until June 13, 1933. They admitted also that the statement of September 11, 1933, was inaccurate, and the corporate defendant's answer prayed that "it be permitted to account" for its transactions in Fidelio stock in which Goldberger was interested, and that "it have such relief in the premises as shall be just

and equitable." The trial resulted in an interlocutory decree pursuant to an opinion reported in 44 F.Supp. 767. The court found that on June 8, 1933, the corporate defendant and Goldberger entered into a joint venture and agreement, which was confirmed in writing on June 9, 1933, and to which George E. Tribble was admitted as a party about July 11, 1933; that the joint account was continued from June 8th to August 2, 1933, and that the September 11th statement was not a true and correct accounting; and the defendants were ordered to account before a special master. The final decree, following the special master's report with slight modifications not here challenged, awards the plaintiff a recovery, including costs, of $101,707.07 and directs the plaintiff to deliver to the corporate defendant 12,063½ shares of Fidelio stock. Both parties have appealed.

■ Before passing to the merits of the appeals something should be said as to the record and briefs which the parties have submitted. By treating the defendants' appeal and the plaintiff's cross appeal as if they were independent appeals, they have given us six briefs instead of three—a device by which each party has obtained about 18 more pages than our rule permits. And they have made a caricature of our recently adopted optional rule relating to non-printing of the record by submitting four separate appendices, plus another appendix bound in with one of the briefs, in which appear disconnected bits of the record. Thus we have been presented with ten booklets instead of the three briefs and two appendices which the rules contemplate. This is especially confusing and inconvenient because the basic issue in each appeal is the date when the accounting should commence. In consequence there is much repetition in the briefs and much obscurity as to what the record contains; and an additional burden is placed upon the court to ferret the relevant facts out of the welter of appendices. Neither party has aided the court by this procedure. Our efforts to allow the parties to save the expense of printing unessential parts of the record are poorly rewarded by such an abuse of the non-printing rule. It will not be permitted in the future; nor will either party be allowed costs on this appeal.

The defendants' appeal directs its attack against the interlocutory decree; they assert: (1) There was no evidence of an oral agreement on June 8th; (2) Bauer's testimony of conversations with Goldberger was improperly excluded; (3) Bauer was not proved to be individually liable; (4) the action abated as against the corporate defendant by reason of its dissolution in Delaware on December 16, 1937. The plaintiff's appeal attacks the accounting because sales recorded in the corporate defendant's books on June 8th but initiated on June 6th or 7th were excluded from the account and because the defendants were not held to have forfeited all commissions. These contentions will be considered seriatim.

■ (1) The defendants argue most insistently that there is no evidence to support the finding that the joint trading account was to begin on June 8, 1933. It is true that no direct testimony was offered to prove the making of an oral agreement on that date, and that the letter of June 9th outlining proposed terms was not actually signed by Goldberger until June 13th and was never signed by Tribble, although the letter contemplated that he also would indicate acceptance by his signature. Concededly, however, the parties did at some time agree, and the inference that their agreement should take effect as of some earlier date is entirely reasonable; indeed, no other, we think, would be supportable under the evidence. The trial judge selected June 8th as the date of inception of the joint trading account for reasons well stated in his opinion (44 F.Supp. 767, at page 772), the most cogent of which are that the ledger of the corporate defendant shows the account as beginning on that date, and that the accounting of September 11th was based on the transactions appearing in the ledger account. Much of the defendants' argument quibbles about the plaintiff's uncertainty whether to rely on an oral contract or on the letter of June 9th and devotes itself to contending that the letter was not to be operative as a contract until accepted by Tribble as well as Goldberger, and that the plaintiff failed to prove what modifications of the terms proposed in the letter the parties finally agreed to. It will suffice to say that the court's finding that the joint venture was entered into on substantially the terms and conditions set forth in the letter and was to begin on June 8th is adequately supported by the evidence, in our opinion.

■■ (2) It is next contended that the court erred in refusing to receive testimony by Bauer as to his conversation with Goldberger on June 12th or 13th, 1933. The testimony was offered (1) to prove affirmatively that the joint trading account was carried on under an agreement made on June 13th and not under an oral agreement made on June 8th, and (2) as bearing on Bauer's individual liability by proving his lack of knowledge of any breach of obligation by Bauer, Pogue & Co., Inc., based on an oral agreement of June 8th. The court held that under section 347 of the N. Y. Civil Practice Act Bauer was incompetent to testify as to his conversation with Goldberger. The defendants urge that the "door was opened" by the plaintiff so that the situation was similar to that in Dellefield v. Blockdel Realty Co., 2 Cir., 128 F.2d 85, 94, decided by this court after the trial of the present action. That case is clearly distinguishable. There the plaintiff-administratrix had taken the stand and testified as to a transaction between the decedent and one of the defendants; hence the defendant was entitled to give his version of the transaction since section 347 does not exclude "essentially rebuttal testimony." No similar situation exists in the case at bar. We think the statute was correctly applied. See Matter of Callister, 153 N.Y. 294, 47 N.E. 268, 60 Am.St.Rep. 620; Rogers v. Rogers, 153 N. Y. 343, 47 N.E. 452; Matter of Seigle's Estate, 289 N.Y. 300, 45 N.E.2d 809.

■ (3) There was no error in holding Bauer personally liable. He and his partner Pogue shared equally in the ownership and management of Bauer, Pogue & Co., Inc. Bauer was president of the corporation and acted for it whenever its signature appears on material documents in the case. His answer admits that the corporation "by and through Davenport Pogue and him" conducted a joint account in Fidelio stock in which Goldberger had an interest, and that he received profits from sales of stock in dummy accounts set up in the names of employees of the corporation and not accounted for to Goldberger. We think it clear beyond question that he was jointly and severally liable with the corporate defendant. See McCandless v. Furlaud, 296 U.S. 140, 165, 56 S.Ct. 41, 80 L. Ed. 121; Barry v. Legler, 8 Cir., 39 F.2d 297; Wainwright & Page v. Burr & Mc-Auley, 272 N.Y. 130, 133, 5 N.E.2d 64;

Fletcher on Corporations (perm. ed.), § 1135.

■■ (4) The final point on the defendants' appeal urges that the action has abated against Bauer, Pogue & Co., Inc. The corporation was voluntarily dissolved in Delaware on December 16, 1937. This action was commenced June 8, 1939; it was brought to trial in December 1941. Until amended in April 1941, section 2074 of the Revised Code of Delaware, 1935, provided:

"All corporations, whether they expire by their own limitation, or are otherwise dissolved, shall nevertheless be continued for the term of three years from such expiration or dissolution bodies corporate for the purpose of prosecuting and defending suits by or against them * * *; provided, however, that with respect to any action, suit or proceeding begun or commenced by or against the corporation prior to such expiration or dissolution and with respect to any action, suit or proceeding begun or commenced by the corporation within three years after the date of such expiration or dissolution, such corporation shall only for the purpose of such actions, suits or proceedings so begun or commenced be continued bodies corporate beyond said three-year period and until any judgments, orders or decrees therein shall be fully executed."

Thus the Delaware law provided for continuance of corporate existence until execution of the decree in suits brought *by* the corporation, but not in those brought *against* it, if the suit was started during the three year period following dissolution. By the 1941 amendment suits in which the corporation was defendant were put on the same base as those in which it was plaintiff. 43 Del.Laws 1941, Chap. 132, § 11. Assuming that the present action can be considered only as an action commenced *against* the corporation, the defendants argue that the action abated on December 16, 1940. We are by no means clear that this would be true even under Delaware law. The 1941 amendment being remedial, it might well be given retroactive application. See Wax v. Riverview Cemetery Co., 2 Terry, Del. 424, 24 A.2d 431. But we need not and do not so decide. There are several reasons why we think the action did not abate. One is that the corporate defendant's answer prayed for permission to account and for "just and equitable" relief and, as al-

ready noted, the decree ordered delivery to it of some 12,000 shares of Fidelio stock. By asking affirmative relief the corporation became an actor in the litigation, and we think the action may be considered as one brought by it, within the meaning of section 2074 above quoted. See Merchants' H. & L. Co. v. James B. Clow & Sons, 204 U.S. 286, 27 S.Ct. 285, 51 L.Ed. 488. A further reason is that the point, whether considered as a question of capacity under Rule 9(a) or of lack of jurisdiction over the person under Rule 12(b), was waived under Rule 12(h) by not being advanced before trial. See Rules of Civil Procedure, 28 U.S.C.A. following section 723(c); Carter v. Powell, 5 Cir., 104 F.2d 428, 430, 431, certiorari denied 308 U.S. 611, 60 S.Ct. 173, 84 L.Ed. 511. Finally there is the reason adopted by the trial judge, namely, that under the law of New York, where the corporation had qualified to do business, its consent to be sued here for liabilities here incurred was irrevocable during the pendency of the action and survived even after dissolution of the corporation in Delaware. We have nothing to add to Judge Bright's excellent discussion of the problem, except the citation of a decision involving a similar statute of Pennsylvania. Dehne v. Hillman Investment Co., 3 Cir., 110 F.2d 456, 458.

■ (5) On the plaintiff's appeal it is contended that certain sales appearing on the ledger of Bauer, Pogue & Co., Inc. under date of June 8, 1933, should be included in the defendants' accounting. This would increase the plaintiff's recovery by $7,857.12 plus interest thereon from September 11, 1933. These sales were found by the special master to have been actually consummated on June 6th or 7th, that is, prior to the accounting period. Unless the court was wrong in fixing the date of inception of the joint venture as June 8th, the transactions in question were properly excluded. Nowhere in the plaintiff's argument is that date of inception expressly challenged, although that is necessarily in effect her contention. We have sustained the finding against the defendants' claim of a later date, and it must also be sustained against the plaintiff's claim of an earlier date. It is not so contrary to the evidence as to compel reversal.

■ (6) The final point is the plaintiff's contention that the corporate defendant should forfeit all fees for services as manager of the joint trading account. In the accounting the defendants were credited with a fee of $7,523.74 on profits from transactions for which it had accounted in 1933, but were not allowed any management fee or profits from joint account transactions for which it did not then account. This was in accordance with the trial court's opinion on the interlocutory decree, 44 F.Supp. 767, 773. The plaintiff made no objection to the master's report in respect to allowance of the fee; but on this appeal it claims that the judgment should be increased by 50/115ths of the fee, namely, $3,271.19 plus interest thereon from September 11, 1933. Assuming that the claim was adequately presented to the trial judge—which is not clear from the record—we are not disposed to reject his discretion in disallowing it. To deprive the defendants of these commissions would be mere punishment because they had violated their duty as to other transactions. The authorities relied upon by the plaintiff concern breaches of duty which tainted all the dealings between the parties. Shaeffer v. Blair, 149 U.S. 248, 13 S.Ct. 856, 37 L.Ed. 721; Murray v. Beard, 102 N.Y. 505, 7 N.E. 553; Beatty v. Guggenheim Exploration Co., 223 N.Y. 294, 119 N.E. 575; Wendt v. Fischer, 243 N.Y. 439, 154 N.E. 303. In Pennsylvania Trust Co. v. Billman, 3 Cir., 61 F.2d 382, a liquidator who failed to keep proper accounts was denied all compensation and expense, the holding being no more than that the lower court had not erred in imposing such a penalty. We think it was not an abuse of discretion to allow compensation for services faithfully rendered even though the agent or fiduciary had defaulted as to other services. Standard Sewing Machine Co. v. Jones, 3 Cir., 260 F. 170; Allegheny By-Products Coke Co. v. J. H. Hillman & Sons Co., 275 Pa. 191, 118 A. 900; Sampson v. Somerset Iron Works Co., 6 Gray, Mass., 120. See Florance v. Kresge, 4 Cir., 93 F.2d 784; Judson v. Buckley, 2 Cir., 130 F.2d 174, certiorari denied 317 U.S. 679, 63 S.Ct. 161, 87 L.Ed. 545.

The decree is affirmed, but without costs to either party.