JERRY VOGEL MUSIC CO., Inc., v. FORSTER MUSIC PUBLISHER, Inc.

No. 222.

Circuit Court of Appeals, Second Circuit.

Feb. 20, 1945.

Arthur F. Driscoll and Milton M. Rosenbloom, both of New York City (Howard A. Guttenberg, of New York City, of counsel), for appellant.

Julian T. Abeles, of New York City (Leopold Bleich, of New York City, of counsel), for appellee.

Before HUTCHESON, SIMONS and CLARK, Circuit Judges.

SIMONS, Circuit Judge.

Claiming rights in a musical composition of ancient but still potent vintage, the appellant was confronted with a suit for a declaration of exclusive title to the composition in the appellee, derived from the heirs of Tell Taylor. Taylor had registered the piece under the Copyright Act, 17 U.S.C.A., in 1910, and had secured a renewal of the original term in 1937. The appellant countered with production of a renewal certificate procured by it on August 13, 1937, by the authority of an assignment from Earl K. Smith who claimed to be a co-author of the work.

The composition involved is a song entitled "Down by the Old Mill Stream". Taylor had been both a publisher and a prolific writer of popular songs, including both words and music, and Smith had entered his employ in 1909 as a demonstrator of musical compositions. He had also written songs and had collaborated with Taylor on others. In the certificate of copyright registration obtained by Taylor in 1910, there is recited, "Words and music by Tell Taylor—Star Pub. Chicago". In an assignment of the original copyright to the appellee on October 23, 1931, recorded in the copyright office and signed by Taylor, he is represented to be its true and lawful owner, with full power, right, and authority to dispose of it. On August 30, 1937, and within the last year of its original term, Taylor applied for a renewal registration under § 24 of the Act of March 4, 1909, 17 U.S.C.A. § 24, in his own name as owner of the renewal term, and the renewal certificate issued on September 1, 1937. Taylor died intestate on November 23, 1937, and in December his heirs at law assigned the renewal term to the appellee.

The plaintiff rested its case upon the original copyright to Taylor, its renewal by him, and the assignment. The defendant relied upon the fact that the printed copies of the song which had been filed in the copyright office by Taylor with his original application, carried on the insert page of music the names of both Tell Taylor and Earl K. Smith, although Smith's name was printed above that of Taylor and in smaller letters. However, the composition proved very popular, and of the nine subsequent editions, none carried Smith's name. Smith was offered by the appellant as a witness for the purpose of showing that he had collaborated with Taylor in the composition of the song and was therefore its co-author, and inferentially for the purpose of showing that he had protested to Taylor against his name being left off the publications, although there was evidence that Smith had been credited by Taylor as a co-writer of 13 songs written by him, one of which was published by Taylor prior to "Mill Stream", and 12 thereafter. Smith's testimony was, however, excluded as equally within the knowledge of the deceased, under § 347 of the New York Civil Practice Act, the so-called "Dead Man Statute". The District Judge concluded that in all the evidence and exhibits the only item of any probative value for the appellant's claim of co-authorship by Smith, was the fact that his name appears on the filed original copy, and that this is over-whelmed by evidence contra. Effectuating that conclusion, he gave judgment against the appellant, held its certificate of renewal null and void, enjoined it from asserting rights under it, and directed that it be revoked and cancelled.

We do not, under familiar rules, undertake to weigh the evidence to determine its preponderance. The appellee established a prima facie case by producing the copyright certificate, and while the ultimate burden was upon it to establish its right to a declaratory judgment of sole ownership of the copyrighted publication, the appellant had the burden of establishing its affirmative defense, and we are not persuaded that the District Judge was clearly wrong in holding that it failed to do so. The copyright law, 17 U.S.C.A. § 55, provides that the registration "certificate shall be admitted in any court as prima facie evidence of the facts stated therein." The appellant's contention that this includes only the facts that Taylor had filed two copies of the song and that the copyright had been issued, must be rejected. The certificate was intended to be prima facie evidence of all that appears on its face, and is not limited to those facts which are within the personal knowledge of the register. Fred Fisher, Inc., v. Dillingham, D.C., 298 F. 145; Freudenthal v. Hebrew Pub. Co., D.C., 44 F.Supp. 754. Bosselman v. Richardson, 2 Cir. 174 F. 622, was concerned with the old law and not the present Act.

The principal legal contention presented to us by the appellant is, however, that the issue as to Smith's competency as a witness is ruled not by the main clause of § 347 but by the exceptions thereto. That section provides that an interested party cannot tes-

tify "concerning a personal transaction or communication between the witness and the deceased person * * * except where the executor, administrator, survivor * * * is examined in his own behalf, or the testimony of the * * * deceased person is given in evidence, concerning the same transaction or communication." The last clause modifies both exceptions. Matter of Callister, 153 N.Y. 294, 47 N.E. 268, 60 Am.St.Rep. 620.

 Neither the plaintiff nor any of its assignors testified concerning personal transactions between Taylor and Smith. The first exception does not therefore apply. The contention of the appellant that the registration certificate constitutes testimony by Taylor that he was the sole author and so opens the door for testimony in rebuttal, must be denied. Kings County Trust Co. v. Hyams, 242 N.Y. 405, 152 N.E. 129, is not authority for it, since there the plaintiff offered in evidence a paper written by the defendant which purported to show that her husband had directed her to take 50% of his estate. The court held it to be error to exclude her testimony as to the circumstances under which she received the paper, after having been questioned by the plaintiff concerning it. The plaintiff there had initiated the inquiry and so waived the privilege, for the paper stated on its face that a transaction or communication had taken place between the witness and the deceased. The certificate here involved is completely silent as to any transaction between Taylor and Smith. In Matter of Callister, supra, it was held that the exception as to testimony of the deceased refers only to oral testimony under oath, and does not extend to all evidence, and that the introduction of a note, presumed to be in settlement of all matters between the parties, did not permit the survivor to explain the circumstances under which the note was given. Matter of Seigle's Estate, 289 N.Y. 300, 45 N.E.2d 809, is to the same effect. It is true that in Dellefield v. Blockdel Realty Co., 2 Cir., 128 F.2d 85, 93, there was some criticism of the Dead Man Statute, but it was also there observed that even though contrary to the spirit of modern views respecting admissibility of evidence, the statutory terms have been construed rather narrowly by the courts of New York, and in Trounstine v. Bauer, Pogue & Co., 2 Cir., 144 F.2d 379, it was pointed out in distinguishing the Dellefield case that the plaintiff-administratrix there had taken the stand and testified as to a transaction between the decedent and one of the defendants, hence the defendant was entitled to give his version of the transaction. Since § 347 does not exclude "essentially rebuttal testimony" [128 F.2d 94], no similarity was found to exist between the Dellefield and Trounstine cases, and the statute was held to have been clearly applied in the latter upon the authority of the Callister and Seigle cases and Rogers v. Rogers, 153 N.Y. 343, 47 N.E. 452. There was no error in excluding Smith's testimony.

 It is urged that § 347 was intended as a shield and not a sword, that it does not apply where an action is brought by the deceased's representatives instead of against them, and so a plaintiff waives the statutory privilege merely by bringing his suit. Lewis v. Merritt, 98 N.Y. 206. In that case it was said, however, that § 347 applies to exclude evidence that will establish a cause of action or an affirmative defense, and the latter is the situation here. DeLaurent v. Townsend, 214 App.Div. 493, 212 N.Y.S. 377, and Matter of Booth's Estate, 215 App.Div. 516, 213 N.Y.S. 684, have lost their persuasiveness by reason of the reversal of the DeLaurent case, 243 N.Y. 130, 152 N.E. 699. While we understand that a general assignment of copyright does not assign the right to renew, Fred Fisher Music Co. v. M. Witmark & Sons, 318 U.S. 643, 63 S.Ct. 773, 87 L.Ed. 1055, yet the fact that Smith had made no legal or formal claim to the copyright during almost all of the entire 28 years of its original term was a circumstance to be considered by the court upon the issue of co-authorship by Smith, and if he had no interest in the original term, of course, he had no right to apply for and to receive a renewal certificate. It will be observed that the appellee's rights do not rest upon a general assignment of the original copyright but on a specific assignment of the renewal certificate providently obtained by Taylor.

Affirmed.